STATE *v.* W. H. H. HOUSTON and others.

A recognizance, conditioned that the defendant appear at the Court House in C, on the 8th Monday after the 4th Monday in March, 1875, is not forfeited by the defendant's failure to appear on the 22d of February, 1875.

(*State v. Melton,* Busb. 426, cited and approved.)

*Scire Facias,* upon a recognizance alleged to have been forfeited, tried before his Honor Judge *Schenck,* at August Term, 1875, of the Superior Court of MECKLENBURG county.

The defendant, W. H. H. Houston, was arrested to answer a bill of indictment found against him at Fall Term, 1874, of Mecklenburg Superior Court, and he with the other defendants entered into the following recognizance :

State of North Carolina, Mecklenburg County. } Superior Court.

Whereas W. H. H. Houston has been arrested on a charge of the State upon a bill of indictment for forgery ; Now therefore, we the said W. H. H. Houston, as principal, and W. A Trott, E. A. Armfield, C. A. Armfield, C. Austin, John D. Stewart, J. R. Winchester and C. B. Curlee as his sureties, acknowledge ourselves jointly and severally indebted to the State of North Carolina in the sum of twenty-five hundred dollars each, to be levied of our several goods and chattels, lands and tenements, to be void on condition that the said W. H. H. Houston shall personally appear at the next term of the Superior Court to be held for said county at the court house in Charlotte, on the 8th Monday after the 4th Monday in March, 1875, then and there to answer said charge and not depart the same without leave.

Signed and sealed this 14th day of Dec., 1874, before S. H. Walkup, C. S. C., of Union county, State aforesaid.

W. H. H. HOUSTON, [Seal.]
W. H. TROTT, [Seal.]
E. A. ARMFIELD, [Seal.]
C. AUSTIN, [Seal.]
JOHN D. STEWART, [Seal.]
J. R. WINCHESTER, [Seal.]
C. B. CURLEE, [Seal.]

At February Term, 1875, the defendant Houston was called and failed to answer, and thereupon judgment *nisi* was entered upon his recognizance.

A *sci. fa.* was issued to Union county for the defendants to

appear at Spring Term, 1875, and show cause why the said judgment should not be made absolute. The defendants appeared in accordance to the *sci fa* and pleaded "*nul tiel record*," and the cause was continued until August Term, when judgment was rendered for the defendants and the State appealed.

*Attorney General Hargrove*, for the State.
No counsel for defendants.

READE, J. 1. That the bond taken in this case is good as a *recognizance* for the appearance of the principal defendant. See case between the same parties at this term; and *State v Elney*, 2 Winst. 71.

2. A recognizance for the appearance of the defendant at the next term of the court to be held for a given county is valid, and binds the defendant to appear at the next term, nd at the court house; although neither time nor place l e s̟ e i-fically named; because every one knows, or is presumed to know the time and place of holding the court. But if the recognizance *specify* time and place, the defendant cannot be held to be in default for not appearing at some other time or place.

Here the defendant was recognized to appear at the next court to be held on the 8th Monday after the 4th Monday in March; and he was called out on 22d February. An additional term of the court having been provided for by statute to be held at that time, after the recognizance was taken to appear on 8th Monday after 4th Monday of March was not forfeited by his failure to appear on 22d February. *State v. Melton*, Busb. 426.

There is no error. This will be certified.

PER CURIAM. Judgment affirmed.