### STATE v. JOE JONES.

*Justices of the Peace; Jurisdiction of— Criminal Proceedings before Magistrate—Constitution, Art. 4, § 27— The Code, §§ 1132, 1139, 1144—Recognizance.*

1. A Justice of the Peace has no power to allow a party, accused of an offence of which he has not final jurisdiction, to give bail during the postponement of the examination. *The Code,* §§ 1132, 1139, 1144, does not warrant such a proceeding. If any delay in the examination is necessary, the accused must be kept in the custody of the Sheriff or other officer of the law, until the examination is resumed.

2. A bond or recognizance for the appearance of one accused of larceny before a Justice of the Peace at a fixed time and place, that an examination of the charge may be had, is void.

3. A Justice of the Peace can only exercise such powers as are conferred upon him by the Constitution, Art. IV, § 27, and the statutes in harmony therewith. His jurisdiction is special, not general, and his authority is not to be enlarged by principles of law applicable to courts of general jurisdiction; nor can he adopt methods of procedure not strictly allowed by law.

4. A bond with conditions, signed and sealed by the parties, is good as a recognizance.

PROCEEDINGS by *sci. fa.* against bail, heard by *Merrimon, J.,* at the Spring Term, 1888, of HENDERSON Superior Court.

The State appealed.

It appears that one Joe Jones was arrested on the 18th day of April, 1887, in the County of Henderson, under a State warrant, charging him with the crime of larceny, and taken before the Justice of the Peace, who issued the warrant, to be examined in respect to that charge against him, and committed, held to bail or discharged, according to law. He was not prepared to complete the examination on that day, and for cause assigned, requested that the further examination be postponed until the 28th of the same month, at a place designated, and that in the mean time he be allowed to have bail. The Justice of the Peace so postponed the further examination, and took the bond of the said Jones and Mary A. Jones surety, payable to the State, in the sum of $1,000, conditioned that the said Joe Jones would appear before the Justice of the Peace at the time and place specified therein, to be further examined upon the warrant and charge.

Afterwards, the Justice of the Peace being present at the time and place specified in the condition of the bond, the said Joe Jones was duly called and failed to appear, as he was bound to do; and such failure and default was duly noted by the Justice of the Peace, and he thereupon certified the whole proceedings, including the bond mentioned in the matter of the said State warrant, to the Superior Court of the

county named. That Court directed that a writ of *scire facias* issue, commanding the said Joe Jones and Mary A. Jones to appear therein and show cause, &c., and such writ was issued.

At the Spring Term of 1888, of that Court, the Sheriff returned that he had served the said writ on Mary A. Jones, and that Joe Jones could not be found. Mary A. Jones pleaded *nul tiel record*. The Court, upon hearing the writ read, and seeing the bond mentioned, and the proceedings in connection therewith, "dismissed" the *scire facias*. The Solicitor for the State having excepted to the judgment of the Court in that respect, the State appealed to this Court.

*Attorney General* and *John Devereux, Jr*, for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts). If the Justice of the Peace had authority to take the bond in question, it was, in legal effect, a recognizance, although not so in form. *State* v. *Edney*, 2 Winst., 71; *State* v. *Houston*, 74 N. C., 174; *State* v. *Houston*, Ib., 549. But we are of opinion that he had no such authority.

The Constitution (Art. IV, § 27), recognizes and establishes the office of Justice of the Peace, and prescribes the jurisdiction of that officer in certain respects, but it expressly leaves it to the General Assembly to prescribe regulations to be observed in the exercise of the authority conferred, and the jurisdiction may, to a limited extent, be increased by statutory provision. The jurisdiction thus conferred, and that may be conferred, is special—not general—and the officer is limited in the exercise of his authority by the regulations and methods of procedure prescribed by statute, subject to the constitutional provision. That is, a Justice of the Peace can only exercise the powers conferred upon him by the constitution and statutes in harmony with it; his jurisdictional authority is not enlarged by principles of law ap-

plicable only to Courts of general jurisdiction; nor can he adopt methods of procedure, or exercise his authority in ways not strictly allowed by law—he may do only what the statute allows him to do, and his official acts will be upheld, however informal, if they embody the substance of the thing or purpose intended.

Now, the statute (*The Code,* §§ 1132, 1139, 1144,) provides that certain classes of officers, including Justices of the Peace, "shall have power to issue process for the apprehension of persons charged with any offence, and to execute the powers and duties conferred by this chapter," (that in respect to criminal proceedings) and that "the Magistrate before whom any such person shall be brought, shall proceed, as soon as may be, to examine the complainant," &c., and that "if the offence charged in the warrant be not punishable with death, such Magistrate may take from the person so arrested a recognizance with sufficient sureties for his appearance at the next term of the Court having jurisdiction, to be held in the county where the offence shall be alleged to have been committed." And how such recognizance shall be certified to the Court is prescribed. There are divers provisions permitting such Magistrates to allow bail and take recognizances, but there is none that allows them to do so pending the postponement of the examination by them of a person charged with a criminal offence, with a view to holding him to answer for the offence charged before a proper Court, if there shall appear to be sufficient cause. If it was intended that they should allow bail in such a case, why the omission to so provide? And why make special provision conferring authority as to some cases and not as to that last mentioned, similar in its nature to them? The strong inference is, that it was not contemplated or intended that such authority should be exercised.

When a person charged with a criminal offence is apprehended, it is intended that the proper Magistrate, before

whom he is taken, "shall proceed, as soon as may be, to examine the charge," and that the accused party shall remain before him or in the custody of the Sheriff, or other officer who arrested him, until he shall be committed, let to bail, or discharged. Bail is not deemed necessary or allowable during the examination. The Magistrate shall proceed as promptly as the nature of the case will allow, to complete the examination, but he may take reasonable time for the purpose, and may, in the mean time, direct the officer to continue the person charged in his custody in some convenient, clean, suitable, safe place, as the jail, "guard house," or other place of safety, so that he may be forthcoming when the examination shall be resumed. Such has generally, if not uniformly, been the practice in such respects in this State in all the past, and such, substantially, was the practice in England, whence the law and practice in this State were derived. The practice in England, however, was modified by statute, (11 & 12 Vict., ch. 42, § 21,) so that a Justice of the Peace there, may now let the accused party to bail and take his recognizance with surety, pending the postponement, if need be, of the examination. 1 Arch. Cr. Pr. & Pl., 37, 38 (6 Ed.); 1 Chit. Cr. Law, 73, 74.

As the Justice of the Peace in this case had no authority to allow the accused party to give bail during the postponement of the examination, he could not lawfully take the "bond" in question. It was therefore inoperative and void.

The Court, in effect, sustained the appellee's plea of *nul tiel record.* There is no error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

No error.                                                    Affirmed.