STATE ex rel Solicitor v. N. JENKINS, et al.

*Scire Facias—Appearance Bond—Breach—Record, Amendment of.*

1  When one appears in Court, in obedience to the requirement of his bond, and submits himself to the jurisdiction of the Court, he continues under the penalty of the bond until the trial is terminated or until he is discharged by the Court.

2. Where a criminal case before a Justice of the Peace was not concluded on the day set for trial, and was postponed to a subsequent day, defendant's bond to appear on the day set for trial bound him to appear on the day to which the adjournment was made.

3. Where defendant, who was under bond to appear before a Justice of

the Peace for trial, failed to appear, and the Justice caused him to be called and entered the default on the docket, but failed to enter it on the bond as required by Chapter 133, Acts of 1889; it was not error, in the trial of an action on the bond, for the Court, upon ascertaining the facts, to require the Justice of the Peace, who was present, to make the proper entry on the bond of defendant's default such direction being merely for the purpose of perfecting the record.

4. Where the record in the trial of an action on an appearance bond did not show that a judgment *nisi* had been entered against the principal in the Superior Court, it was not error for the Court, on ascertaining that such judgment had been taken, to require the record to be amended so as to show that fact.

5. It is not necessary to issue a *scire facias* returnable to the next term of a Court after the judgment *nisi* is taken on an appearance bond

ACTION by the State of North Carolina on the relation of the Solicitor, against N. Jenkins and others on a bond for the appearance of defendant Larkin Jenkins before a Justice of the Peace, tried before *Hoke, J.*, and a jury, at Spring Term, 1897, of CALDWELL Superior Court. There was judgment for the plaintiff and defendants appealed.

*Mr. Zeb V. Walser, Attorney General,* and *Mr. W. C. Newland,* for the State.

*Messrs. W. H. Bower* and *Edmund Jones,* for defendants (appellants).

FURCHES, J.: The defendant, Jenkins, and others were arrested on a warrant issued by one Ballew, a Justice of the Peace, upon a charge of burning a mill house of one Connelly. Upon affidavit of defendants the case was moved for trial before E. B. Phillips, another Justice of the Peace, on the 9th of November, 1895, fixed for the time of trial. The defendant, Larkin Jenkins, was required by the Court to enter into bond in the sum of one thousand dollars for his appearance before said Phillips on the 9th of November, and in lieu of personal surety, the defendant, Nicholas Jenkins, and his wife Robena, executed a mortgage in the penal sum of one thousand dollars for the appearance of the defendant

Larkin, on the 9th of November, before said Phillips to an-
swer the charge, and that he should not depart the Court
without leave thereof. On the 9th, the day fixed for the
trial, the defendant Larkin appeared and the trial proceeded
before said Phillips. But not being able to conclude the
trial on that day, its further hearing was postponed by the
Justice until Saturday, the 16th of November, 1895.

At the time of this adjournment the State had concluded
its evidence and the defendants were proceeding with their
evidence. There was no express stipulations as to whether
the defendant, Larkin, would be held under the mortgage
for his appearance on the 16th, or not. But the defendant
was present in Court when the further hearing of the case
was postponed until the 16th, and offered no objection to
this order of postponement.

The defendant, Larkin, did not appear on the 16th and
the Justice caused him to be called out and entered the de-
fault on his docket, and forwarded the papers and the
mortgage to the Clerk of the Superior Court. The Clerk
placed the case on his docket, and at the next Term of the
Superior Court the defendant, Larkin, was called and failed
and judgment *nisi* entered against him. The Clerk issued
a *sci fa* against Nicholas Jenkins and wife, Robena, on the
16th of April, 1897, which was returned duly executed,
May 31, 1897.

The bond and mortgage, returned to the Superior Court
by Phillips, the Justice of the Peace, did not have entered
thereon the forfeiture of the defendant, Larkin Jenkins, as
required by the Act of 1889, Chapter 133. But it was ad-
mitted that Larkin Jenkins was called and failed to appear
on the 16th, the adjourned day of the trial, and that the
Justice made entry thereof on his docket. Upon this ad-
mission, the Court directed the Justice, who was present, to
make the proper entry on the bond and mortgage, which

was then and there done in open Court, and defendant excepted.

The Minute Docket did not, at the time of trial, show that judgment *nisi* had been taken against the defendants at Spring Term, 1896, or at any other time. But, that on an inspection of the Clerk's journal and the entries of the day's proceeding, and on the evidence of the Clerk and others, duly taken, the Court was convinced that such judgment was had at said time, and that it was an erroneous omission that the criminal docket did not show the same, then and there found as a fact, that such judgment was had at said term, and directed that the record be amended so as to show the same, which was done, and defendant excepted.

"On the facts admitted and those found by the Court, the Court was of the opinion that the failure of Larkin Jenkins to appear on the 16th of November, this being the adjourned day of trial, was a breach of his bond and mortgage and directed the jury to return the verdict as shown in the record. And the Court also found the facts as declared in the verdict. Defendants excepted.

The defendants appealed and assigned as error—

1.   That the Court directed the Justice of the Peace to make the entry "called and failed on the bond and mortgage."

2.   That the Court directed the amendment of the criminal docket so as to show judgment *nisi*.

3.   For holding that the bond and mortgage, to appear on the 9th, required Larkin to appear at the adjourned meeting on the 16th.

4.   For that the Clerk having jurisdiction to try said action failed to enter judgment *nisi* and that no notice issued to defendants to appear at the next Term of the Court.

The exceptions of defendants appear to be technical in their character. But defendants are entitled to have them

duly considered, and if they are well taken they are entitled to have the benefit of them.   Much of the law is technical in its nature.   It is too well settled law to call for argument or citation of authority to show that defendant's bond to appear on the 9th did not bind him to appear on the 16th, nothing else appearing.   But to treat the case upon this stipulation alone, without considering the other facts connected with the case, would be a very imperfect consideration of the matter.   A Court of a Justice of the Peace has no stated terms, and is to be held on a day certain to be fixed by the Justice.   But it often happens that the investigation of one case can not be concluded in one day and, if the Court could not postpone the further hearing to another day, all that had been done would be lost.   Suppose the further hearing had been postponed until the next morning, (the 10th), will it be contended that the defendant would not be bound to attend on that day, or forfeit his bond?   And if he would, what rule marks the distinction between that and the 16th?   The rule must be that when he appears in obedience to the penalty of his bond, and submits himself to the jurisdiction of the Court, he continues under its penalty until the trial is terminated, or until he is discharged by the Court.

This rule is both for the protection of the State and for the benefit of the defendant—to relieve him from the trouble and expense of giving a new bond, and, as in this case the trouble and expense of executing a new mortgage.   *State* v. *Smith*, 66 N. C., 620.

Until 1889, the defendant could not have given bond for his appearance, and would have been held in custody from the time of his arrest until he was discharged by the Court. *State* v. *Jones*, 100 N. C., 438.   And this act, now Section

121—81

.120 of *The Code*, as amended by Chapter 425, Acts 1891, authorized the defendant to give a mortgage as security.

But it was the duty of the Justice, upon the defendant's failing to appear, to cause him to be called, and to note his failure to answer on the bond, and to return or send the bond with entry to the Clerk of the Superior Court of his County. The Justice caused the defendant to be called and entered the default on his docket, but failed to enter this failure on the bond. He sent the bond to the Clerk, but without this entry.

The Court, upon ascertaining the fact that the defendant *was called and failed to answer* and that the Justice had noted this fact on his docket, directed the Justice, who was present, to make the entry on the bond. To this the defendant excepted, and contended that this was a penal Statute and should be strictly construed. But in this, it seems to us, the defendant is mistaken. It is not a penal Statute but an enabling Statute, passed for the benefit of defendants, and should receive a liberal construction at the hands of the Courts.

But the direction of the Judge was only to perfect the record—to supply an entry of an admitted fact, that the defendant had been called and failed—to make the record speak the truth. This has been the practice, within the knowledge of some of the members of the Court, for many years and is authorized by Section 908 of *The Code*, and sustained by *Sims* v. *Goettle*, 82 N. C., 268; *State* v. *Vaughan*, .91 N. C., 532; *State* v. *Crook*, Ibid, 536; *State* v. *Smith*, 103 N. C., 410.

For the same reasons and authorities, the Court was authorized to have the minutes of the Superior Court corrected so as to speak the truth and to show that there had been a judgment *nisi*, though not entered.

There is nothing in the objection that no *sci fa* issued

returnable to the next succeeding term of Court after the judgment *nisi.* We were cited to no authority for this position, and we see no reason to sustain it. The practice has been the other way.

The judgment of the Court below is affirmed.

Affirmed.