## STATE v. JOE EURE.

(Filed 13 September, 1916.)

**Criminal Law—Principal and Surety—Appearance Bond—Liability of Surety.**

The sureties on an appearance bond upon the usual conditions thereof, that the defendant will appear at court "and not depart the same without leave," obligate themselves that the defendant appear according to the precept of the court until discharged, and they remain liable thereon until the defendant is placed in custody, or gives a new bond, or is discharged on acquittal or by order of the court; and where an increase of such bond has been requested, and denied, and without further order the court adjourns, on the failure of defendant to appear at the next succeeding term judgment will be given against the sureties.

APPEAL by defendant from *Bond, J.*, at March Term, 1916, of GATES.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Ward & Grimes and H. P. Godwin for defendant.*

CLARK, C. J. The defendant gave bond with the usual conditions to appear at court "and not depart the same without leave." He was put on trial, and the jury not having agreed, on Saturday afternoon a juror was withdrawn and a mistrial ordered. No order was made placing the defendant in custody nor requiring him to give new bond nor discharging him. After the mistrial was ordered, the prosecution asked that the bond be increased. The judge being told, on inquiry, that the bond was $650, declined to increase the amount, but no order was made for a new bond, and court was adjourned *sine die*. At the next term of court, the prisoner failing to appear when called, judgment *nisi* was entered and notice issued to the sureties. Upon hearing counsel for the sureties, the court entered judgment absolute against them.

In this there was no error.  An appearance bond by its terms, and under the uniform ruling of the Court, requires that the defendant appear term after term until he is discharged on a verdict of acquittal or by order of the court.  An appearance bond is in lieu of custody in jail, in which case the defendant could not be released until discharged by order of the court.

In *S. v. Smith,* 66 N. C., 620, where a defendant upon the continuance of his case was required to give bond for his appearance at the next term, but departed without doing so, the Court held that the sureties on the bond were responsible for the failure of the defendant to appear at the next term.  In *S. v. Jenkins,* 121 N. C., 637, the above case is cited with approval, the Court holding that the defendant continues under the penalty of the bond until the trial is terminated or he is discharged by order of the court.

In *S. v. Morgan,* 136 N. C., 602, the Court held: "The continuance of a criminal case does not release the recognizance given for the appearance of the defendant."

In *S. v. Schenck,* 138 N. C., 560, the Court held that the sureties on the bail bond are not discharged by the appearance, conviction, and sentence of the defendant, but they are not released until the defendant is put in custody of the court or sheriff.  The Court holds that the bond "binds the sureties for the continued appearance of their principal from day to day until finally discharged by the court, and he must answer its calls at all times and submit to the final judgment."

In *S. v. White,* 164 N. C., 410, the Court holds that the recognizance binds the defendant to three things:

"1. To appear and answer either to a specified charge or to such matters as may be objected to.

"2. To stand and abide the judgment of the court.

"3. Not to depart without leave of the court.

"And it was held that a surety on a recognizance is not relieved of liability because the principal appeared at the trial and entered a submission, but while the sentence of the court was being considered for several days, departed from the State; for the appearance of the defendant at the trial is not a full compliance with the obligation of the surety in respect to the recognizance."  The fact of conviction of the principal does not discharge the sureties unless they surrender him or he is taken in custody by the sheriff.

The same rule is stated in 5 Cyc., 123, as follows: "The effect of an adjournment upon the liability of sureties depends largely, if not exclusively, upon the conditions of the obligation.  If such condition is, in effect, a *continuing* one, as that accused will appear and answer and *not depart without leave,* or that he will abide the order and judgment

of the court, it requires an appearance also at legal adjournments from day to day or from term to term at the peril of forfeiture of the bail bond for noncompliance with said obligation."

"Neither does the obligation end with the term at which the principal is recognized to appear, but, if the case against him be continued, the bail are bound to have him in court at each succeeding term thereafter until he is convicted or acquitted, or they are otherwise legally discharged." 3 A. and E. (2 Ed.), 714.

In *S. v. Horton,* 123 N. C., 695, it was held that where a defendant gave bond to appear at a regular term which was not held by reason of the absence of the judge, such defendant is responsible on his bond for his appearance at a special term held between that time and the next succeeding regular term.

It is not unusual for the court upon the continuance of a cause to direct that the defendant give a new bond, but in the absence of such order, or on failure to comply with it if made, the original bond remains liable. In the same manner when a witness is once subpœnaed it is his duty to attend every succeeding term of the court until discharged, though it is not unusual to refresh the memory of witnesses by issuing new subpœnas. This, however, is an unnecessary expense. A person once in court by service of summons or subpœna, or by giving bond for his appearance in a criminal action, must continue to appear, according to the precept of the court, until discharged, and in the latter case his sureties remain liable until the defendant is placed in custody or gives a new bond or is discharged on acquittal or by order of the court.

The judgment absolute against the defendant and his sureties is
Affirmed.