IN THE MATTER OF: THE APPEAL OF BASS INCOME FUND AND BASS REAL ESTATE FUND III
FROM THE APPRAISAL OF SABAL PARK I AND SABAL PARK II BY THE MECKLENBURG COUNTY
BOARD OF EQUALIZATION AND REVIEW FOR 1991

No. 9310PTC89

(Filed 2 August 1994)

**Notice § 4 (NCI4th)— notice of appeal—postmark affixed by
postal meter—notice not filed on postmark date**

A notice of appeal to the Property Tax Commission was not
considered filed on the postmark date where the postmark was
affixed by a postal meter in the office of the taxpayer's represent-
ative rather than by the U. S. Postal Service. Therefore, the notice
was not filed until it was received by the Commission, and
the Commission had no jurisdiction to hear the appeal where it
was received after the expiration of the appeal period. N.C.G.S.
§ 105-290(g).

**Am Jur 2d, Notice §§ 5-12, 32-40.**

Appeal by taxpayers from order entered 27 October 1992 by
Chairman John A. Cocklereece of the North Carolina Property Tax
Commission. Heard in the Court of Appeals 1 December 1993.

*Moore & Van Allen, by Joseph D. Joyner, Jr. and A. Bailey
Nager, for appellant Bass Income Fund and Bass Real Estate
Fund III.*

*Ruff, Bond, Cobb, Wade & McNair, by Hamlin L. Wade and Paul
R. Baynard, for appellee Mecklenburg County.*

JOHN, Judge.

Bass Income Fund and Bass Real Estate Fund III (taxpayers)
challenge a 27 October 1992 order of the Property Tax Commission
(the Commission) dismissing their appeal to the Commission. Upon
review, we find taxpayers' arguments unpersuasive.

The essential facts are undisputed. On 23 March 1992, the Meck-
lenburg County Board of Equalization and Review for 1991 (the
Board) entered a property tax assessment order affecting real prop-
erty owned by taxpayers. On that same date, the Clerk of the Board
mailed notice of this action to taxpayers' representative located in

IN RE APPEAL OF BASS INCOME FUND

[115 N.C. App. 703 (1994)]

Atlanta, Georgia. The representative thereafter submitted notice of appeal to the Commission by certified mail dated 21 April 1992 and deposited it in a United States Postal Service (Postal Service) mailbox. The envelope containing the notice was stamped with a postal meter postmark in the office of taxpayers' representative, but the Postal Service never affixed its own postmark.

On 23 April 1992, the notice of appeal was received by the Commission via the Postal Service, 31 days after the Board had mailed its notice of decision to taxpayers. The Commission concluded taxpayers' appeal was untimely filed and that it was therefore without jurisdiction to hear the matter. *See* N.C.G.S. § 105-290 (Cum. Supp. 1990) (current version at G.S. § 105-290 (1992)).

---

The sole issue before us is: *whether a notice of appeal to the Commission is considered filed on the postmark date when the postmark is affixed by a postal meter rather than by the Postal Service.*

We commence with an examination of G.S. § 105-290. The statute first requires that an appeal be *filed* with the Commission within 30 days of mailing by the Board of its notice of decision to the taxpayer. G.S. § 105-290(e). Further, the statute establishes that the date on which a notice of appeal is deemed filed is dependent upon the manner in which it is submitted to the Commission. G.S. § 105-290(g) provides:

> (g) What Constitutes Filing.—[1] A notice of appeal submitted to the Property Tax Commission by a means other than United States mail is considered to be filed on the date it is received in the office of the Commission. [2] A notice of appeal submitted to the Property Tax Commission by United States mail is considered to be filed on the date shown on the *postmark stamped by the United States Postal Service.* [3] If an appeal submitted by United States mail is not postmarked or the postmark does not show the date of mailing, the appeal is considered to be filed on the date it is received in the office of the Commission. A property owner who files an appeal with the Commission has the burden of proving that the appeal is timely.

G.S. § 105-290(g) (emphasis added).

The meaning intended by the General Assembly to be accorded the expression "postmark" in the third sentence of subsection (g)

IN RE APPEAL OF BASS INCOME FUND

[115 N.C. App. 703 (1994)]

above is dispositive of the issue herein. We therefore consider whether "postmark" was meant to refer to *any* postmark, or rather to that term as set out in the second sentence, *i.e.*, *"postmark stamped by the United States Postal Service."*

The primary rule of statutory construction is to "ensure that the purpose of the legislature is accomplished." *Harris v. Nationwide Mut. Ins. Co.*, 332 N.C. 184, 191, 420 S.E.2d 124, 128 (1992). In seeking to observe this rule, a court should consider the "nature and purpose of the statute" as well as the consequences which would follow proposed interpretations. *In re Kirkman*, 302 N.C. 164, 167, 273 S.E.2d 712, 715 (1981). In addition, the statute should be read as a whole. "The words and phrases of a statute must be interpreted contextually," and read in a manner which effectuates the legislative purpose. *Id.*

A reading of G.S. § 105-290(g) in its entirety reveals an effort to account for all potential contingencies regarding filing of notices of appeal to the Commission, and an intent that this classification be exhaustive. Under the statutory scheme, a determination of the date upon which a notice of appeal is deemed filed depends upon classification of the notice into one of the legislatively created categories.

The *first* concerns notices of appeal submitted to the Commission other than through the Postal Service. These are considered filed on the date received by the Commission. The *second* deals with notices submitted to the Commission via the Postal Service *and* which carry a postmark stamped by the Postal Service indicating the date of mailing. These are accorded legislative favor and are treated as filed on the postmark date. The *third* legislative category appears to have been designed to encompass those notices submitted through the Postal Service which, for whatever reason, do not display a "postmark" or which bear a postmark not containing a date. These are regarded as filed upon receipt by the Commission.

The statute does not specifically describe the type of "postmark" cited in the final category. However, considered in context with the remainder of the subsection, "postmark" in the third sentence can only be read to refer to the term as used in the second sentence, that is, "postmark stamped by the United States Postal Service." We therefore hold the statute to establish that a notice of appeal submitted to the Commission via the Postal Service, but which does not bear a postmark *stamped by the Service*, is considered filed only upon receipt by the Commission. We further hold that a postmark affixed

by a private individual employing a postal meter, admittedly obtained from the Postal Service, does not under the statute constitute a "postmark stamped *by* the United States Postal Service."

Taxpayers argue that such an interpretation of the statute is hypertechnical, endorses the bureaucratic rigidity they assert is present in the case *sub judice*, and penalizes those entities or individuals which utilize postal meters, intended as office efficiency and automation systems. While these points may be well taken, legislation by the General Assembly is presumed to have a purpose, *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 676, 443 S.E.2d 114, 119 (1994), and it is our duty to apply legislation as written, whatever our opinion may be as to its efficacy or as to the hardship it may impose in individual cases. *Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973).

In this context, we observe the statute in question was amended in 1989 to create the "stamped by the United States Postal Service" category as a single exception to the general proviso that notices were deemed filed upon receipt by the Commission. Were we to adopt taxpayers' argument, therefore, it would have the effect of treating those notices of appeal bearing a postal meter postmark, as opposed to a postmark stamped by the Postal Service, in a manner other than provided in the statute. Whatever our sympathies, we "may not, under the guise of judicial interpretation, interpolate provisions which are wanting in the statute and thereupon adjudicate the rights of the parties thereunder." *Simmonds v. Wilder*, 6 N.C. App. 179, 181, 169 S.E.2d 480, 481 (1969). The General Assembly unequivocally granted a favored filing privilege to such notices of appeal as may be postmarked by the Postal Service. It is not for us now to extend such consideration to notices outside this precisely limited category. Had the General Assembly intended this effect, it would have been a simple matter to include the explicit phrase "or by a postal meter issued by the United States Postal Service," or some similar language.

Our holding finds support in decisions from other jurisdictions which have considered this issue, *see, e.g., Upper Allegheny Joint Sanitary Auth. v. Commonwealth*, 567 A.2d 342 (Pa. Commw. Ct. 1989), as well as in reasons of public policy. Postmarks stamped by the Postal Service, for example, are affixed by official individuals independent of the correspondence involved and unaffected by the consequences of accurate dating; postage meters, on the other hand, are easily susceptible to manipulation, either intentional or uninten-

tional, by private, non-postal personnel who may indeed have an interest in the date affixed. *See Roberts v. Houston Fire & Casualty Co.*, 170 So.2d 188, 189 (La. Ct. App. 1964); *see also Albaugh v. State Bank of LaVernia*, 586 S.W.2d 137, 138 (Tex. Ct. App. 1979). Therefore, while the official postmark of the Postal Service may reliably be considered determinative of the date of mailing, the date appearing in a metered postmark is actually no more than the date set in the machine by the operator.

Accordingly, since the notice of appeal at issue contained a postal meter postmark rather than a postmark "stamped by the United States Postal Service," it falls within the third category established by G.S. § 105-290(g) and was not "filed" until received by the Commission. Because taxpayers' notice of appeal was not received by the Commission until after expiration of the 30 day limitation period in G.S. § 105-290(e), therefore, the Commission's determination it was without jurisdiction to entertain taxpayers' appeal is affirmed.

Affirmed.

Judges ORR and LEWIS concur.