STATE OF NORTH CAROLINA v. WILLIAM LYDA MESSER

No. COA00-709

(Filed 17 July 2001)

**1. Criminal Law— felonious failure to appear—calendaring of case—docketing**

The placement of defendant's case for breaking into a coin/currency machine on the superior court calendar for the 28 September 1998 session of court violated the provisions of former N.C.G.S. § 7A-49.3 and defendant was not guilty of felonious failure to appear, because: (1) the district attorney did not file a calendar containing defendant's case with the clerk of court at least one week before the superior court session; and (2) the record does not contain any evidence defendant's case was docketed after an initial calendar for the 28 September 1998 session was filed with the clerk of court and prior to the filing of the addendum calendar.

**2. Criminal Law— felonious failure to appear—calendar violation**

A defendant was not required to appear in court on 28 September 1998 for his breaking into a coin/currency machine case within the meaning of N.C.G.S. § 15A-543 and defendant was not guilty of felonious failure to appear, because the placement of defendant's case on the court calendar violated N.C.G.S. § 7A-49.3.

Judge JOHN dissenting.

Appeal by defendant from judgment dated 29 September 1999 by Judge Loto G. Caviness in Buncombe County Superior Court. Heard in the Court of Appeals 15 May 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.*

*Leah Broker for defendant-appellant.*

GREENE, Judge.

William Lyda Messer (Defendant) appeals a judgment dated 29 September 1999 entered after a jury rendered a verdict finding

him guilty of felonious failure to appear pursuant to N.C. Gen. Stat. § 15A-543 and after he pleaded guilty to being an habitual felon.

Defendant was arrested on 30 July 1998 for allegedly breaking into a coin/currency machine on 29 July 1998 in violation of N.C. Gen. Stat. § 14-56.1. On 31 July 1998, a release order was issued authorizing Defendant's release upon execution of a secured bond. The release order stated: "You are Ordered to appear before the Court as provided above and at all subsequent continued dates. If you fail to appear, you will be arrested and may be imprisoned for as many as three years and fined as much as $3,000.00." On 13 August 1998, Defendant was released from custody on a surety appearance bond. On 21 August 1998, it was noted on a district court calendar that the charge of breaking into a coin/currency machine was "transf[erred] to Sup[erior Court] w[ith] related felony."

On 14 September 1998, Defendant was indicted in case number 98-CRS-60819 for breaking into a coin operated machine on 29 July 1998. This case number appeared on a superior court "ADDENDUM" calendar dated 25 September 1998, and the "ADDENDUM" calendar indicated the case would be called for trial on 28 September 1998. On 28 September 1998, Defendant's case was called and he failed to appear. A "CALLED AND FAILED ORDER" was then signed by the trial court. Defendant was indicted on 2 November 1998 in case number 98-CRS-60819A for failure to appear in superior court on 28 September 1998. Additionally, on 7 December 1998, Defendant was indicted as an habitual felon in case number 98-CRS-11655, based on the underlying felony in case number 98-CRS-60819A.

On 27 September 1999, Defendant was tried for case numbers 98-CRS-60819A and 98-CRS-11655. Nicole Roberts (Roberts), a deputy clerk of superior court for Buncombe County, testified at trial that her job duties include "maintain[ing] and keep[ing] all Superior [Court] files [and] all records [of] pending and disposed cases in Buncombe County." Roberts testified an "add-on to the Criminal Calendar" for the Superior Court of Buncombe County was published on 25 September 1998 and Defendant's case was listed on the calendar. Defendant, however, failed to appear when his case was called. The calendar indicated Defendant was represented by an attorney at the time his case was placed on the calendar. Roberts gave the following testimony regarding how a defendant is notified that his case has been placed on a calendar:

If the defendant has an attorney, then it's the attorney's responsibility to keep up with that. Or the defendant can also call our office and check with us. If the defendant does not have an attorney, the D.A.'s Office sends [him] a letter to notify [him] of the Court date.

When a defendant telephones the office of the clerk of court to check on a court date and there is "not a date in the computer," the standard procedure is to "tell [a defendant] to call back on Friday afternoon, because [the clerk's office] gets [its] add-on [calendar] around lunchtime on Friday. That way [the clerk's office] know[s] for sure if [a defendant is] going to be in Court that next week." A copy of the calendar, including the add-on calendar, is posted on a bulletin board in the clerk's office. Additionally, a copy of the calendar is posted outside of the courtroom "before Monday of that Court date."

During cross-examination, Roberts testified that the court file on Defendant indicated he appeared in court on 31 July 1998 and 21 August 1998. Roberts stated Defendant's appearance bond and release bond did not indicate any date on which Defendant was required to appear in court. Also, Defendant's court file did not contain any documents that indicated Defendant or his attorney were notified of the 28 September 1998 court date.

At the close of the State's evidence, Defendant made a motion to dismiss the charge against him based on insufficiency of the evidence. The trial court denied the motion. Defendant did not present any evidence at trial. Subsequent to its deliberations, the jury returned a verdict finding Defendant guilty of felonious failure to appear. After this verdict was returned, Defendant pleaded guilty to being an habitual felon.

---

The issues are whether: (I) the placement of Defendant's case on the 28 September 1998 superior court calendar violated N.C. Gen. Stat. § 7A-49.3;[1] and, if so, (II) Defendant's failure to appear in court on 28 September 1998 constituted felonious failure to appear pursuant to N.C. Gen. Stat. § 15A-543.

---

1. Repealed by Session Laws 1999-428, 2.2, effective January 1, 2000. See now N.C. Gen. Stat. § 7A-49.4.

I

**[1]** Defendant argues the placement of his case on the superior court calendar for the 28 September 1998 session of court violated the provisions of section 7A-49.3. We agree.

Section 7A-49.3 sets forth the procedure for calendaring criminal trials in the superior court. N.C.G.S. § 7A-49.3 (1995). Section 7A-49.3 provides, in pertinent part:

> (a) At least one week before the beginning of any session of the superior court for the trial of criminal cases, the district attorney shall file with the clerk of superior court a calendar of the cases he intends to call for trial at that session. The trial calendar shall fix a day for the trial of each case listed thereon. . . . Any case docketed after the calendar has been filed with the clerk may be placed on the calendar at the discretion of the district attorney.

*Id.* § 7A-49.3(a).[2] A case is "docketed" within the meaning of section 7A-49.3(a) when initial entry of the case is made in a "docket book" in the office of the clerk of court. *See Black's Law Dictionary* 495 (7th ed. 1999).

In this case, the record shows Defendant's case was placed on a superior court "ADDENDUM" calendar dated 25 September 1998 and the calendar was filed with the clerk of court on that date. The calendar indicated Defendant's case would be called at the 28 September 1998 session of the superior court. The district attorney, therefore, did not file a calendar containing Defendant's case with the clerk of court "[a]t least one week before" the superior court session. Additionally, we are unable to determine from the record before us the date upon which Defendant's case was docketed; thus, the record does not contain any evidence Defendant's case was docketed after an initial calendar for the 28 September 1998 session was filed with the clerk of court and prior to the filing of the "ADDENDUM" calendar. *See id.* (district attorney may add a case to the calendar if the case is docketed after the calendar has been filed); *State v. Edwards*, 70 N.C. App. 317, 321-22, 319 S.E.2d 613, 616 (1984) (district attorney

---

2. We note that section 7A-49.4, which replaced section 7A-49.3 effective 1 January 2000, requires the district attorney to publish the trial calendar "[n]o less than 10 working days before cases are calendared for trial." N.C.G.S. § 7A-49.4(e) (1999). Additionally, section 7A-49.4 does not contain any provision allowing the addition of cases to the published calendar when the cases are docketed after publication. *Id.*

did not violate section 7A-49.3 by placing case on calendar less than one week prior to trial date when the case was docketed after the district attorney filed the calendar of cases), *reversed on other grounds*, 315 N.C. 304, 337 S.E.2d 508 (1985). The placement of Defendant's case on the calendar for the 28 September 1998 session of the superior court therefore violated section 7A-49.3.

II

**[2]** Defendant argues he was not required to appear in court on 28 September 1998, within the meaning of N.C. Gen. Stat. § 15A-543, because the placement of Defendant's case on the court calendar violated section 7A-49.3. We agree.

Section 15A-543 provides, in pertinent part:

(a) In addition to forfeiture imposed under G.S. 15A-544, any person released pursuant to this Article who willfully fails to appear before any court or judicial official as required is subject to the criminal penalties set out in this section.

(b) A violation of this section is a Class I felony if:

(1) The violator was released in connection with a felony charge against him; or

(2) The violator was released under the provisions of G.S. 15A-536.

N.C.G.S. § 15A-543 (1999). Thus, to survive a motion to dismiss a charge of felonious failure to appear, the State must present substantial evidence: (1) the defendant was released on bail pursuant to Article 26 of the North Carolina General Statutes in connection with a felony charge against him or, pursuant to section 15A-536, after conviction in the superior court; (2) the defendant was required to appear before a court or judicial official; (3) the defendant did not appear as required; and (4) the defendant's failure to appear was willful. *Id.*

In this case, the State presented evidence Defendant's case appeared on the superior court calendar for the 28 September 1998 session of superior court and Defendant failed to appear in court on that day. As noted above, however, the placement of Defendant's case on the 28 September 1998 calendar violated section 7A-49.3(a). Thus, Defendant was not "required" to appear in court on 28 September 1998 within the meaning of section 15A-543 and the trial court erred

STATE v. MESSER

[145 N.C. App. 43 (2001)]

by denying Defendant's motion to dismiss.[3] Accordingly, the trial court's 29 September 1999 judgment is reversed.

Because we reverse the trial court's 29 September 1999 judgment, we need not address Defendant's additional assignments of error.

Reversed.

Judge TIMMONS-GOODSON concurs.

Judge JOHN dissents.

JOHN, J., dissenting.

The majority holds the State's failure to comply with N.C.G.S. § 7A-49.3 mandates reversal of defendant's conviction of violation of N.C.G.S. § 15A-543. I respectfully disagree and therefore dissent.

Initially and parenthetically, I note the majority posits its conclusion the State failed to comply with G.S. § 7A-49.3 in part upon the failure of the record to reflect the date defendant's case was docketed. Further, in footnote three, the majority cites defendant's assertion that the record contains no evidence that he or his counsel received notice of the 28 September 1998 calendar. These circumstances simply highlight the absolute necessity that parties to an appeal include within the record *all* pertinent information.

In any event, the majority properly sets out the elements of a violation of N.C.G.S. § 15A-543. Contrary to the majority, however, I believe the instant record contains sufficient evidence of each element to send the case to the jury.

---

3. Defendant argues in his brief to this Court that his failure to appear in court on 28 September 1998 was not "willful" within the meaning of section 15A-543 because the record does not contain any evidence Defendant or Defendant's counsel received notice of the 28 September 1998 calendar. Because we hold Defendant was not required to appear in court on 28 September 1998 within the meaning of section 15A-543, we need not address this issue.

Additionally, we need not address the issue of whether a defendant in a properly calendared case is "required" to appear in court within the meaning of section 15A-543 when the defendant does not receive notice of the calendar. We do note, however, that section 7A-49.4 provides the district attorney must "publish" the trial calendar. N.C.G.S. § 7A-49.4(e). Section 7A-49.4 does not, however, state whether publication may be accomplished by filing the calendar with the clerk of court or whether additional action, such as mailing the calendar to the appropriate parties and/or their attorneys, is required.

Viewed in the light most favorable to the State, *see State v. Whitaker*, 316 N.C. 515, 519, 342 S.E.2d 514, 517 (1986) (citation omitted) ("[i]n considering the sufficiency of the evidence to survive a motion to dismiss, 'the trial court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and inference to be drawn therefrom' "), the evidence at trial tended to show the following: Defendant was released following his arrest on a felony charge upon posting a secured appearance bond. The release order, signed by the processing magistrate, directed defendant to appear "at all subsequent continued dates."

In addition, defendant signed the appearance bond, likewise processed by a magistrate, acknowledging the release condition that he

shall appear in the above entitled action(s) whenever required and will at all times remain amendable to the orders and processes of the Court.

Defendant's case was set for 21 August 1998 in Buncombe County District Court. Defendant was represented by counsel, a preliminary hearing was waived, and the case transferred to superior court. Following return of a true bill of indictment, the case was placed on a 28 September 1998 calendar, published 25 September 1998 and listing defendant's district court counsel as his attorney. Defendant did not appear at the 28 September 1998 term of superior court, an order for his arrest was issued, and an indictment charging defendant with failure to appear in violation of G.S. § 15A-543 was returned 2 November 1998.

Defendant subsequently was brought into the Greenville County, South Carolina, Detention Center on 20 June 1999 and released to be returned to Buncombe County on 3 August 1999. Testimony by a law enforcement officer indicated defendant had stated he was the "vending machine bandit" and that he had been hiding out in a Motel 6 in South Carolina for nearly one year.

Our Supreme Court has observed that

"An appearance bond by its terms, and under the uniform ruling of the Court, requires that the defendant appear term after term until he is discharged on a verdict of acquittal or by order of the court. An appearance bond is in lieu of custody in jail, in which

case the defendant could not be released until discharged by order of the court."

*State v. Mallory,* 266 N.C. 31, 42, 145 S.E.2d 335, 343 (1965) (quoting *State v. Eure,* 172 N.C. 874, 875, 89 S.E. 788, 789 (1916)), *cert. denied,* 384 U.S. 928, 16 L. Ed. 2d 531 (1966).

Further,

[a] recognizance for the appearance of the defendant at the next term of the court to be held for a given county is valid and binds the defendant to appear at the next term and at the court house; although neither time nor place be specifically named; because every one knows, or is presumed to know, the time and place of holding the court.

*State v. Houston,* 74 N.C. 174, 176, —— S.E. ——, —— (1876).

Finally,

"[w]illful" as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of the law. "Wilfulness" is a state of mind which is seldom capable of direct proof, but which must be inferred from the circumstances of the particular case.

*State v. Davis,* 86 N.C. App. 25, 30, 356 S.E.2d 607, 610, *stay allowed,* 320 N.C. 172, 357 S.E.2d 172 (1987) (citations omitted).

Applying the foregoing evidence and legal principles to the elements of the offense of Failure to Appear under G.S. § 15A-543 (section violated by person released on felony charge "who wilfully fails to appear before any court or judicial official as required"), it appears defendant was released from custody on a felony charge, was directed by a judicial official to appear at all continued dates, acknowledged before a judicial official his responsibility to appear whenever required and to remain amenable to the processes of the court, failed to appear on the date the case was calendared in Buncombe County Superior Court, and wilfully "hid out" in South Carolina until arrested nearly one year later. Further, the record contains no indication either defendant or his counsel sought at any time to have his failure to appear excused or the order for arrest stricken on grounds of lack of notice or improper calendaring.

I also note that the General Assembly has neither provided that violation of G.S. § 7A-49.3 constitutes an element of the offense of Failure to Appear under G.S. § 15A-543 nor has it required, notwithstanding the majority opinion herein, that the State's violation of G.S. § 7A-49.3 mandates dismissal of any subsequent G.S. § 15A-543 charge of Failure to Appear. Had the General Assembly so intended, " 'it would have been a simple matter [for it] to [have] include[d],' " *State v. Reaves,* —— N.C. App. ——, ——, 544 S.E.2d 253, 258 (2001) (quoting *In re Appeal of Bass Income Fund,* 115 N.C. App. 703, 706, 446 S.E.2d 594, 596 (1994)), such provisions within the statutes.

In sum, I believe the evidence presented was sufficient to withstand defendant's motion to dismiss and that no error was committed in defendant's trial. I note the State agrees with defendant's further contention that there exists a discrepancy in the sentence imposed and that this case must be remanded for re-sentencing. Defendant and the State are correct. I therefore vote no error in the trial, but to vacate the judgment and remand for re-sentencing.