STATE OF NORTH CAROLINA v. JAMES EDWARD GOBLE

No. COA09-1192

(Filed 6 July 2010)

**1. Criminal Law— felony failure to appear—substantial evidence—personal appearance required**

The trial court did not err in denying defendant's motion to dismiss a charge of felony failure to appear because the State presented substantial evidence of all elements of the crime charged, including that defendant was required to personally appear before the court on the second day of his trial on his original charges.

STATE v. GOBLE

[205 N.C. App. 310 (2010)]

**2. Criminal Law— instructions—lesser-included offense—not warranted by the evidence**

The trial court in a felony failure to appear action did not err in denying defendant's request that jurors receive an instruction on the lesser-included offense of misdemeanor failure to appear. Because defendant was released on bond in connection with felony charges, an instruction on the lesser-included offense was not warranted by the evidence.

Appeal by Defendant from judgment entered 3 June 2009 by Judge A. Robinson Hassell in Caldwell County Superior Court. Heard in the Court of Appeals 24 February 2010.

*Attorney General Roy Cooper, by Assistant Attorney General James C. Holloway, for the State*

*Leslie C. Rawls, for Defendant.*

BEASLEY, Judge.

Defendant appeals from trial court's denial of his motion to dismiss a charge of felony failure to appear, and a request that jurors receive an instruction on a lesser included offense. Because the State presented substantial evidence of Defendant's guilt, and an instruction on the lesser included offense was not warranted by the evidence, we find no error.

In September 2007, Defendant, James Edward Goble, was indicted for felonious breaking and entering, felony larceny, and felony possession of stolen goods. Defendant's trial on these offenses began on 7 July 2008. Though he was present for the first day of the proceedings, Defendant failed to appear the second day of trial. The trial proceeded in Defendant's absence and at its conclusion, he was convicted of misdemeanor offenses. Following the verdict, the trial court instructed the bailiff to call Defendant for sentencing. After Defendant failed to respond to the call, the trial court continued judgment in the case.

On 25 August 2008, Defendant was indicted for felony failure to appear and habitual felon status. On 4 September 2008, Defendant contacted his bail bondsman and made arrangements to turn himself over to the custody of law enforcement officials. On 2 June 2009, Defendant's trial for felony failure to appear and habitual felon status began. During pre-trial motions, the trial court denied Defendant's

motion to dismiss the felony failure to appear charge. On 3 June 2009, Defendant was convicted of felony failure to appear. Thereafter, Defendant admitted to his status as an habitual felon and reserved his right to appeal the failure to appear conviction.

Defendant appeals the felony failure to appear conviction arguing that: (I) the trial court erred by failing to grant his motion to dismiss or "order a directed verdict at the close of the State's evidence and motion to set aside the verdict;" and (II) the trial court erred when it denied a request to instruct jurors on misdemeanor failure to appear.

I.

[1] Defendant contends that there is insufficient evidence to support a conviction for felony failure to appear. Specifically, Defendant contends that the State failed to present any evidence that he was required to personally appear before the trial court. We disagree.

"In considering a motion to dismiss, it is the duty of the court to ascertain whether there is substantial evidence of each essential element of the offense charged." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). " 'Substantial evidence' is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Fritsch*, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455 (2000).

> [T]o survive a motion to dismiss a charge of felonious failure to appear, the State must present substantial evidence: (1) the defendant was released on bail pursuant to Article 26 of the North Carolina General Statutes in connection with a felony charge against him or, pursuant to section 15A-536, after conviction in the superior court; (2) the defendant was required to appear before a court or judicial official; (3) the defendant did not appear as required; and (4) the defendant's failure to appear was willful.

*State v. Messer*, 145 N.C. App. 43, 47, 550 S.E.2d 802, 805 (2001).

Here, the State presented jurors with substantial evidence that Defendant was required to appear on the second day of his trial. On 9 October 2007, before the beginning of his original trial, Defendant

and his surety executed form AOC-CR-201, styled as "Appearance Bond for Pretrial Release." The conditions set forth in the bond were as follows:

> The conditions of this Bond are that the above *named defendant shall appear* in the above entitled action(s) *whenever required* and will at all times remain amenable to the orders and processes of the Court. It is agreed and understood that this Bond is effective and binding upon the defendant and each surety *throughout all stages* of the proceedings in the trial divisions of the General Court of Justice until the entry of judgment in the district court from which no appeal is taken or until the entry of judgment in the superior court. If the defendant appears as ordered and otherwise performs the foregoing conditions of the bond, then the bond is to be void, but if the defendant fails to obey any of the conditions, the Court will forfeit the bond pursuant to Part 2 of Article 26 of Chapter 15A of the General Statutes. (emphasis added).

Following the execution of the bond form, the magistrate set the date and time for Defendant's required first appearance in court. Thereafter, the trial court set further dates for Defendant to appear in the event that his case was not reached for trial on the date set by the magistrate. Because the bond form specifies that Defendant, as the named party, had to appear before the trial court "whenever required," there is substantial evidence in the record that Defendant was personally required to appear before the trial court for the second day of his trial.

Defendant argues that because he failed to sign a "Conditions of Release and Release Order," there is no evidence that he was required to personally appear before the trial court. This order contains the following language: "To The Defendant Named Above, you are ORDERED to appear before the Court as provided above and at all subsequent continued dates. If you fail to appear, you will be arrested and you may be charged with the crime of willful failure to appear." While the record reveals that Defendant did indeed fail to sign the order, the provisions of the order only apply to situations where a defendant is released upon a written promise to appear or a custody release. It does not apply where, as in the instant case, Defendant was released upon the posting of a surety bond.

Accordingly, we hold that the trial court's order denying Defendant's motion to dismiss was not erroneous.

II.

**[2]** At trial, Defendant requested that the jurors be instructed on misdemeanor failure to appear. The trial court denied Defendant's request. Defendant now argues that the trial court's decision to deny his request was erroneous. We disagree.

"It is well established that when a defendant requests an instruction which is supported by the evidence and is a correct statement of the law, the trial court must give the instruction, at least in substance." *State v. Garner*, 340 N.C. 573, 594, 459 S.E.2d 718, 729 (1995). A conviction for misdemeanor failure to appear requires only that a defendant be "released in connection with a misdemeanor charge." N.C. Gen. Stat. § 15A-543(c) (2009). However, the legislature fails to define the phrase "in connection with" as it applies to a willful failure to appear.

"Statutory interpretation properly begins with an examination of the plain words of a statute." *State v. Dellinger*, 343 N.C. 93, 95, 468 S.E.2d 218, 220 (1996). "If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning. When, however, a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (internal citations and quotations marks omitted). Plainly defined, a "connection" is "an association or a relationship: *a connection between two crimes*." *American Heritage College Dictionary* 295 (3d ed. 1993).

N.C. Gen. Stat. § 15A-543(c) becomes operative when a violator is released in connection with a misdemeanor charge. Upon a plain reading of the statute, it appears that the intent of the legislature was to punish defendants fleeing from the threat of misdemeanor convictions, and not defendants that were actually convicted of those misdemeanors. In the case *sub judice*, Defendant was released on bond following an indictment for three felonies. Thereafter, Defendant fled from the jurisdiction of North Carolina when faced with the possibility of felony convictions. Because Defendant was released in connection with felony charges, the trial court appropriately denied his request to instruct jurors on the offense of misdemeanor failure to appear.

Accordingly, we conclude that the trial court appropriately refrained from granting Defendant's request that jurors receive an

instruction on the lesser included offense of misdemeanor failure to appear.

No Error.

Judges BRYANT and STEELMAN concur.