WINSTON-SALEM JOINT VENTURE v. CITY OF WINSTON-SALEM AND FORSYTH COUNTY

No. 8121SC35

(Filed 6 October 1981)

**Evidence § 4.2; Taxation § 25.1— late listing property tax penalty—conflict as to whether listing was mailed and received—summary judgment improper**

Where plaintiff alleged it mailed its tax listing before the deadline and defendants alleged the listing was not received, G.S. 105-311(b), dealing with

timeliness of a listing as revealed by a postmark on an envelope, was not dispositive and did not apply to the situation where the receipt of the listing was denied by defendants. Resort must be had to the common law on the issue of receipt and that issue must be decided by a jury.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 17 November 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 June 1981.

Plaintiff, a general partnership, brought an action to recover a ten percent late listing penalty which was levied for alleged failure to list its real property for tax purposes. The property is the Hanes Mall Shopping Center in Winston-Salem. Plaintiff maintains that it listed the property on or about 24 February 1978, prior to the listing deadline of 2 March 1978, but that in September of that year defendants, nevertheless, billed plaintiff for a late listing penalty of $22,361.03 in addition to the real estate property tax assessment for that year.

Defendants denied that plaintiff properly listed its taxes for 1978 as required by G.S. 105-301 and contended that the penalty was lawfully imposed pursuant to G.S. 105-312, as no listing of the property was ever received by the tax supervisor. Defendants stated, in answers to interrogatories, that plaintiff's county tax on the Hanes Mall property for 1978 was $116,756.25, upon which a late listing penalty of $11,675.63 was assessed, and that plaintiff's city tax on the Hanes Mall property for that year was $96,699.96, to which a $9,670 late penalty was affixed.

James Gudin of Jacobs, Visconsi and Jacobs Company averred that his company listed real estate taxes for plaintiff and other clients and that he personally handled the preparation of the subject property's listing by completing forms forwarded to him by the tax office and mailing them back to the tax office on 24 February in a self-addressed envelope furnished by defendants. He contends he was unaware of any problems with the listing until receiving a tax invoice indicating assessment of the late payment penalty. A request for relief was denied by the board of county commissioners. The taxes were thereafter paid under protest, and a claim for refund was made which was denied.

Defendants moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure based on the pleadings,

answers to interrogatories, and affidavits of W. Harvey Pardue, Tax Supervisor for Forsyth County and the City of Winston-Salem, and several employees of his office. The affiants stated that no property tax listing was received by them from, in the name of, or on behalf of plaintiff for the year 1978 on the Hanes Mall property.

By its order entered 17 November 1980, the trial court granted summary judgment in favor of the defendants and dismissed the action. Plaintiff appealed.

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by Grover G. Wilson and Michael L. Robinson, for plaintiff appellant.*

*P. Eugene Price, Jr., and Jonathan V. Maxwell for defendant appellee County of Forsyth.*

*Ronald G. Seeber for defendant appellee City of Winston-Salem.*

MORRIS, Chief Judge.

Plaintiff assigns error to the trial court's granting of summary judgment, contending that there exist genuine issues as to material facts concerning liability for the late listing penalty.

In effect, the question presented by this assignment is whether G.S. 105-311 controls when the tax supervisor's office is not in possession of and denies receipt of a listing submitted by mail. The second paragraph of G.S. 105-311(b) provides in pertinent part:

> For the purpose of this Subchapter, abstracts submitted by mail shall be deemed to be filed as of the date shown on the postmark affixed by the United States postal service. If no date is shown on the postmark, or if the postmark is not affixed by the United States postal service, the abstracts shall be deemed to be filed when received in the office of the tax supervisor. In any dispute arising under this Subchapter, the burden of proof shall be on the taxpayer to show that the abstract was timely filed.

Plaintiff argues that the statute is inapplicable under the facts, but that the common law is apposite. He contends that subsection (b) of G.S. 105-311 is determinative of timeliness when

there is acknowledged receipt of a mailed listing, but that when receipt is gainsaid, it would be impossible to show by tangible means when or whether the listing was received. Plaintiff suggests that if the statutory burden of proof applied whenever the tax supervisor's office denied receipt of the listing or possession of the envelope said to contain the listing, a taxpayer would be foreclosed from proving timely receipt whenever the tax supervisor or his employees mishandled or lost the evidence. It thus could not have been the intent of the legislature to effect application of the statute of facts such as those at bar, says plaintiff.

Defendants, on the other hand, contend that G.S. 105-311 is completely dispositive of the case under consideration. Defendants argue that listings submitted by mail are deemed filed as of the date on the postmark, and that if there is no postmark, the statute provides that abstracts are deemed to be filed when received in the office of the tax supervisor. They assert that the tax listing must be actually received in the tax office to be considered filed, and that since they did not receive a listing, dismissal was proper.

We believe that the superior court improperly granted summary judgment in favor of defendants. Tax statutes are to be construed strictly against the taxing authority. *Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505 (1952), citing *Sabine v. Gill, Comr. of Revenue,* 229 N.C. 599, 51 S.E. 2d 1 (1948); *Henderson v. Gill, Comr. of Revenue,* 229 N.C. 313, 49 S.E. 2d 754 (1948); *State v. Campbell,* 223 N.C. 828, 28 S.E. 2d 499 (1944).

> [I]t is part of the law of North Carolina, as it is generally elsewhere, that in cases of doubt, taxing statutes are construed most strongly against the government and in favor of the taxpayer.

*Davenport v. Ralph H. Peters and Co.,* 386 F. 2d 199, 209 (4th Cir. 1967). Thus, where a taxing statute is susceptible of two constructions and the legislative intent is problematic, the uncertainty should be resolved in favor of the taxpayer. *Salvation Army v. State,* 144 Mont. 415, 396 P. 2d 463 (1964).

Statutes imposing penalties are similarly strictly construed in favor of the one against whom the penalty is imposed and are never to be extended by construction. *C. D. Utility Corporation v.*

*Maxwell,* 189 So. 2d 643 (1966). G.S. 105-311 is not, of course, a penalty statute *per se.* However, G.S. 105-312 entitled "Discovered property; appraisal; penalty" virtually incorporates G.S. 105-311 in subsection a(2):

> The phrase "failure to list property" shall include . . . the omission to list property during a regular listing period. . . ."

Subsection (h) imposes a penalty of ten percent of the amount of the tax. Whether in the case *sub judice* there was an omission to list property during a regular listing period so as to allow imposition of a penalty under G.S. 105-312 is determined by G.S. 105-311(b).

It is not manifest that G.S. 105-311(b) applies to situations where the receipt of a listing is denied by the taxing authority. The second paragraph of subsection (b) addresses the issue of timeliness as revealed by a postmark or lack thereof, on abstracts submitted by mail. Defendants read the paragraph fractionally when they assert that lack of a postmark in the record and denial of receipt combine to negate, via G.S. 105-311, any issue of timeliness in the present case. The paragraph, read as an integrated whole, indicates that G.S. 105-311 applies only to situations where an abstract has actually been received and the envelope is available for scrutiny. Indeed, the first sentence says that abstracts submitted by mail will be deemed to be filed "as of the date shown on the postmark. . .", presupposing the existence of a mark cancelling the postage. If no date is shown on the postmark, or if the postmark is not affixed, the statute says that the abstract "shall be deemed to be filed when received." Defendants emphasize the word "received". We find, however, that "when" is the crucial word, and that it refers to a time, not a contingency, necessarily requiring receipt as a prerequisite to application of the statute. We hold, therefore, that for G.S. 105-311 to apply, there must be conclusive evidence of the existence of an envelope. The statute merely creates logical preferences for the determination of timeliness where there has been delivery to the tax supervisor by mail. "It is axiomatic" wrote Justice Barnhill in *Watson Industries v. Shaw, Comr. of Revenue,* supra, p. 210, ". . . that a provision in a statute must be construed as a part of the composite whole and must be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit."

Since a penalty statute is to be strictly construed, the courts will not interject conditions omitted by the legislature or enlarge its scope by implication. *Bachus v. Swanson*, 179 Neb. 1, 136 N.W. 2d 189 (1965). We are thus forced to read the statute narrowly because of its incorporation into G.S. 105-312, a penalty statute. The import of G.S. 105-311

> may not be extended by construction. Such a statute may not be applied to situations or parties not fairly or clearly within its provisions.

> In construing a penalty statute nothing will be recognized, presumed, or inferred that is not expressed, unless necessarily or unmistakeably implied in order to give the statute full operation. (Citations omitted.)

*Johnson Fruit Company v. Story*, 171 Neb. 310, 313, 106 N.W. 2d 182, 185 (1960). Likewise, "[i]n the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out." *Gould v. Gould*, 245 U.S. 151, 153, 62 L.Ed. 211, 213, 38 S.Ct. 53, 53 (1917). Thus, we refuse to extend the import of G.S. 105-311 to encompass the facts of this case. Resort must be had to the common law on the issue of receipt.

Moreover, to hold that the statute obviates the common law in this situation would preclude the plaintiff from proving timely receipt based solely upon defendants' denial, a result likely beyond legislative design. Even were we to find ambiguity in the intent, we would be compelled to resolve that uncertainty in favor of plaintiff taxpayer. *Salvation Army v. State, supra.*

There is consonance in the cases regarding the proposition that evidence of the deposit in the mails of a letter, properly stamped and addressed, will warrant a finding that it was received in due course by the addressee. *Willis v. Davis Industries*, 280 N.C. 709, 186 S.E. 2d 913 (1972); *Supply Co. v. Motor Lodge*, 277 N.C. 312, 177 S.E. 2d 392 (1970); *Petroleum Corp. v. Oil Co.*, 255 N.C. 167, 120 S.E. 2d 594 (1961). When the addressee introduces evidence that the mailing was not in fact received, such testimony simply raises a conflict in the evidence on which it is the function of the jury to pass. *Daves v. Insurance Co.*, 3 N.C. App. 82, 164

S.E. 2d 195 (1968), *cert. denied,* 275 N.C. 137; *Carden v. Sons and Daughters of Liberty,* 179 N.C. 399, 102 S.E. 610 (1920); *Trust Co. v. Bank,* 166 N.C. 112, 81 S.E. 1074 (1914). There is sufficient evidence in the record to require that the issue of receipt be decided by a jury.

Reversed and remanded.

Judges WEBB and WHICHARD concur.