IN THE MATTER OF NOTICE OF ATTACHMENT AND GARNISHMENT IS-SUED BY CATAWBA COUNTY TAX COLLECTOR AGAINST NUZUM-CROSS CHEVROLET, INC., TAXPAYER UNDER G.S. 105-366 AND 105-368

No. 8125SC1342

(Filed 2 November 1982)

Taxation § 25— ad valorem taxes — clerical error by tax supervisor's office — immaterial irregularity

A clerical error by a tax supervisor's office in transposing numbers from an ad valorem taxpayer's listing to the total summary sheet was an immaterial

irregularity under G.S. 105-394 which did not invalidate the additional taxes levied on the property for past years to correct the error.

APPEAL by taxpayer from *Ferrell, Judge.* Judgment entered 10 September 1981 in Superior Court, CATAWBA County. Heard in the Court of Appeals 22 September 1982.

For the years 1976, 1977 and 1978, taxpayer listed its business personal property on time and in accordance with accepted practice with the Catawba County Tax Supervisor. Instead of listing the total on the face of the abstract in the designated column, the taxpayer attached a typewritten sheet of paper with the figures itemized.

Due to an error by the Tax Department in transposing the figures from the attached sheet to a total summary sheet, the taxpayer was taxed on a lower figure than it should have been. This error occurred in 1976, 1977 and 1978.

The Tax Supervisor discovered the error in September, 1978 and discussed it with the taxpayer's president. The Supervisor declined the president's offer to pay the additional 1978 tax only, and sent the taxpayer a bill for the unpaid taxes.

On 6 June 1980, the Tax Collector issued a notice of attachment and garnishment upon the taxpayer and the garnishee, First National Bank of Catawba County. The notice attached and garnished the taxpayer's funds on deposit with the garnishee in the amount of $5,087.67, the amount of the additional taxes plus penalty and interest.

After a hearing on 13 July 1981, the trial judge issued an order directing the garnishee to remit the total due minus any penalty and interest. The taxpayer appealed to this Court.

*Sigmon & Sigmon, by W. Gene Sigmon, for appellee Catawba County Tax Collector.*

*Corne, Pitts, Corne & Grant, by Larry W. Pitts, for appellant taxpayer.*

ARNOLD, Judge.

The narrow question presented by this appeal is whether a clerical error by a tax supervisor's office is an immaterial ir-

regularity under G.S. 105-394 so as not to invalidate the tax levied on the property. We hold that it is.

G.S. 105-394 contains a broad statement that is intended to cover cases like the one before us where there is no dispute that but for the clerical error, the tax would have been valid. The statute reads in part:

> Immaterial irregularities in the listing, appraisal, or assessment of property for taxation or in the levy or collection of the property tax or in any other proceeding or requirement of this Subchapter shall not invalidate the tax imposed upon any property or any process of listing, appraisal, assessment, levy, collection, or any other proceeding under this Subchapter.

Examples of immaterial irregularities are listed including "(11) Any other immaterial informality, omission or defect on the part of any person in any proceeding or requirement of this Subchapter." We hold that the transposing error in this case is an "immaterial irregularity" within the meaning of the statute.

Although our holding means that the county will be able to go back two years (from 1978 to 1976) to correct its own error, it should be remembered that under the Machinery Act, G.S. 105-271 to -395, all property is subject to taxation unless subject to an exemption. *See* G.S. 105-274(a). "Exemption from taxation is exceptional. It needs no citation from reiterated precedents that such exemptions should be strictly construed. . . ." *United Brethren v. Commissioners of Forsyth County*, 115 N.C. 489, 497, 20 S.E. 626, 627 (1894).

The taxpayer is correct when he cites *Winston-Salem Joint Venture v. City of Winston-Salem*, 54 N.C. App. 202, 282 S.E. 2d 509 (1981), *disc. rev. denied*, 304 N.C. 728, 288 S.E. 2d 803 (1982), for the proposition that tax statutes are to be strictly construed against the taxing authority. But that is only when the statute is susceptible of two constructions, unlike this case where G.S. 105-394 is clear and uncomplicated.

We are not persuaded by the cases cited by the taxpayer because they deal with fact situations which are distinguishable from the case before us.

The argument that a taxpayer who deliberately attempts to hide his property is in a better position than the victim of a clerical error, since the taxing authority can only go back five years under the "discovery statute" G.S. 105-312(g), is not for us to decide. If a time limit is to be put on the assertion of immaterial irregularities by taxing authorities under G.S. 105-394, that is a task for the General Assembly and not this Court.

Affirmed.

Judges MARTIN and WHICHARD concur.