STATE OF NORTH CAROLINA v. PRENTIS CONNIE REAVES

No. COA00-193

(Filed 3 April 2001)

**1. Appeal and Error— preservation of issues—failure to object—failure to allege plain error**

Although defendant assigns error to the questioning and detention by a North Carolina Highway Patrol trooper to support his convictions for operating a motor vehicle without a valid operator's license and injury to personal property, defendant failed to properly preserve this issue for appellate review because he failed to object at trial as required by N.C. R. App. P. 10(b) and he failed to argue plain error.

**2. Sentencing— structured—criminal contempt not a prior conviction**

The trial court erred in a case arising out of operating a motor vehicle without a valid operator's license and injury to personal property by its computation of defendant's sentence as Level III instead of Level II under N.C.G.S. § 15A-1340.21 of the North Carolina's Structured Sentencing Act based upon defendant's prior conviction for criminal contempt, because: (1) criminal contempt does not constitute a prior conviction under the Act when it is assumed that the 1994 adjudication was punishable by a thirty-day maximum term under N.C.G.S. § 5A-12(a); (2) the North Carolina Constitution mandates that there be no conviction of a "crime" except upon a jury verdict or upon a plea of guilty or no contest in lieu of the right to a jury trial, N.C. Const., art. I, § 24; and (3) the General Assembly did not include criminal contempt adjudications as a crime when it amended the statute on 1 December 1997.

STATE v. REAVES

[142 N.C. App. 629 (2001)]

Appeal by defendant from judgments entered 28 September 1999 by Judge B. Craig Ellis in Columbus County Superior Court. Heard in the Court of Appeals 24 January 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General P. Bly Hall, for the State.*

*Don W. Viets, Jr. for defendant-appellant.*

JOHN, Judge.

Defendant appeals judgments entered upon convictions of the offenses of operating a motor vehicle without a valid operator's license and injury to personal property. We vacate the judgments entered and remand for re-sentencing.

In light of our disposition, a recitation of the underlying facts is unnecessary. In addition, defendant in his appellate brief has "admit[ted] that the evidence presented was legally sufficient to support a conviction," thus abandoning his first assignment of error.

[1] Defendant's second assertion of error is directed at his questioning and detention by a North Carolina Highway Patrol trooper. Defendant claims such acts were "unlawful and unconstitutional and all evidence should have been suppressed and both charges dismissed." However, as the State correctly points out, defendant's second argument has not been properly preserved for appellate review.

N.C.R. App. P. 10(b) provides as follows:

In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . .

Further, when a party has failed to take such action during the course of proceedings in the trial court,

he has the burden of establishing his right to appellate review by showing that the exception was preserved by rule or law or that the error alleged constitutes plain error.

*State v. Gardner,* 315 N.C. 444, 447, 340 S.E.2d 701, 705 (1986).

In the case *sub judice,* thorough examination of the record reveals defendant proffered no motion to suppress evidence of his

questioning and detention as required by N.C.G.S. §§ 15A-974, 977, 979 (1999), nor did he object at trial to the introduction of said evidence. Moreover, in presenting his argument to this Court, defendant has not specifically and distinctly claimed admission of the evidence constituted plain error. *See* N.C.R. App. P. 10(c)(4) (issue not preserved "may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." In short, defendant "did not object at trial or allege plain error", *State v. Scott*, 343 N.C. 313, 332, 471 S.E.2d 605, 616 (1996), and thus "has failed to properly preserve this issue for appeal." *Id.*

[2] Lastly, defendant disagrees with the trial court's computation of his sentence under North Carolina's Structured Sentencing Act (the Act). *See* N.C.G.S. §§ 15A-1340.10 *et seq.* (1999). Upon conviction of the offenses noted above, defendant was sentenced at Level III under N.C.G.S. § 15A-1340.21 (1996), that portion of the Act specifically governing determination of the sentencing level of individuals convicted of misdemeanors. In its sentencing calculation, the trial court included as a prior conviction defendant's 1994 adjudication of criminal contempt. Defendant maintains criminal contempt does not constitute a "prior conviction" under the Act and that his prior record level therefore should have been computed as Level II. Defendant's argument has merit.

At the time of the offenses for which defendant was tried, the Act provided:

(a) Generally.—The prior conviction level of a misdemeanor offender is determined by calculating the number of the offender's prior convictions that the court finds to have been proven in accordance with this section.

(b) Prior Conviction Levels for Misdemeanor Sentencing.—The prior conviction levels for misdemeanor sentencing are:

(1) Level I—0 prior convictions.

(2) Level II—At least 1, but not more than 4 prior convictions.

(3) Level III—At least 5 prior convictions.

G.S. § 15A-1340.21. The Act further stated that

[a] person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime.

N.C.G.S. § 15A-1340.11(7) (1999). Finally,

[f]or the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest

N.C.G.S. § 15A-1331(b) (1999).

As a criminal sentencing statute, the Act must be strictly construed. *See State v. Jarman*, 140 N.C. App. 198, 205, 535 S.E.2d 875, 880 (2000) (" '[c]riminal statutes must be strictly construed' " (citation omitted)), and *Joint Venture v. City of Winston-Salem*, 54 N.C. App. 202, 205, 282 S.E.2d 509, 511 (1981) ("[s]tatutes imposing penalties are . . . strictly construed in favor of the one against whom the penalty is imposed"), *disc. review denied*, 304 N.C. 728, 288 S.E.2d 803 (1982). "Adjudged" within the meaning of G.S. § 15A-1331(b) refers to the return by the jury of a verdict of guilty. *See State v. Fuller*, 48 N.C. App. 418, 420, 268 S.E.2d 879, 881, *disc. review denied*, 301 N.C. 403, 273 S.E.2d 448 (1980). Reading G.S. §§ 15A-1340.11(7) and 15A-1331(b) *in pari materia, see Carver v. Carver*, 310 N.C. 669, 674, 314 S.E.2d 739, 742 (1984) (statutes which are *in pari materia, i.e.*, which relate or are applicable to the same matter or subject, although enacted at different times, must be construed together in order to ascertain legislative intent), therefore, a "prior conviction" under G.S. § 15A-1340.21 refers only to a verdict of guilty of, or a plea of guilty or no contest to, a "crime."

Our State Constitution provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const., art. I, § 24. Black's Law Dictionary defines a crime as "a positive or negative act in violation of penal law" or "an offense against the State or United States." Black's Law Dictionary 370 (6th ed. 1990).

Criminal contempt, on the other hand,

"is a term applied where the judgment is in punishment of a[] [completed] act . . . tending to interfere with the administration of justice [.]"

*Mauney v. Mauney*, 268 N.C. 254, 256, 150 S.E.2d 391, 393 (1966) (citation omitted). Accordingly,

[c]riminal [contempt] proceedings are those brought to preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders.

*Gaylon v. Stutts*, 241 N.C. 120, 123, 84 S.E.2d 822, 825 (1954).

Although contempt proceedings thus are *"sui generis,"* they remain punitive or "criminal *in . . . nature"* such that a party is charged with "doing something forbidden" and punished if "found guilty" of the act, *Mauney*, 268 N.C. at 256, 150 S.E.2d at 393 (emphasis added),; *see North Carolina v. Carr*, 264 F. Supp. 75, 79 (W.D.N.C. 1967) (contempt proceedings "brought to vindicate the dignity and authority of the court" are considered "criminal in their nature and are generally governed by the rules applicable to criminal cases"), *appeal dismissed*, 386 F.2d 129 (4th Cir. 1967). As our Supreme Court has observed,

> "it is said that the *process* by which the party charged [with criminal contempt] is reached and tried . . . is essentially criminal or quasi-criminal."

*Blue Jeans Corp. v. Clothing Workers*, 275 N.C. 503, 508, 169 S.E.2d 867, 870 (1969) (emphasis added) (citations omitted)).

Indeed, the State relies heavily upon the procedural trappings of a criminal contempt adjudication as well as dicta in *O'Briant v. O'Briant*, 313 N.C. 432, 435, 329 S.E.2d 370, 373 (1985) ("criminal contempts are crimes, and accordingly, the accused is entitled to the benefits of all constitutional safeguards") to support the contention that a criminal contempt adjudication constitutes a "prior conviction" under the Act. Nonetheless, we conclude the General Assembly did not intend an adjudication of criminal contempt to constitute a "prior conviction" for sentencing purposes under G.S. § 15A-1340.21.

First, enumeration of the "exclusive" grounds for adjudication of criminal contempt is found at N.C.G.S. § 5A-ll (1999). On the other hand, the General Assembly has confined provisions of our "penal law," Blacks Law Dictionary 370, primarily to Chapter 14 of the General Statutes, *see* N.C.G.S. § 14-1 *et. seq.* (1999).

More significantly, in *Blue Jeans Corp.* our Supreme Court held an adjudication of criminal contempt under former N.C.G.S. § 5-4 (repealed 1977) to comprise a "petty offense" to which

> the right of trial by jury in criminal cases secured by Article III, Section 2 of the Federal Constitution, and by the Sixth Amendment thereto, does not extend . . . .

*Blue Jeans Corp.*, 275 N.C. at 511, 169 S.E.2d at 871.

The authorized maximum punishment for criminal contempt at the time of the decision in *Blue Jeans Corp.* was a fine of $250.00 or imprisonment for thirty days. *Id.* Under N.C.G.S. § 5A-12(a) (1999), the maximum punishment for criminal contempt currently is "censure, imprisonment up to 30 days, fine not to exceed five hundred dollars ($500.00), or any combination of the three," although the section also sets the maximum punishment for failure to comply with a non-testimonial identification order, *see* N.C.G.S. § 15A-271, *et seq.* (1999), and for violation of N.C.G.S. § 5A-11(8) (1999) at ninety days and six months respectively, G.S. § 5A-12(a).

We cannot determine from the instant record the basis for defendant's 1994 criminal contempt adjudication. We must, therefore, resolve that issue in favor of defendant, *see State v. Gardner*, 315 N.C. 444, 450, 340 S.E.2d 701, 707 (because it would be "pure speculation" for this Court to suggest which theory jury relied upon, ambiguous verdict construed in favor of defendant); and *State v. Gilley*, 135 N.C. App. 519, 528, 522 S.E.2d 111, 117 (1999) (ambiguity in court order and "terseness of . . . [court] judgment must be construed in favor of defendant"), and assume for purposes of our decision herein that the 1994 contempt adjudication was punishable by a thirty day maximum term. Having deemed the issue not to be before us, we thus specifically do not address whether an adjudication of criminal contempt based upon failure to comply with a non-testimonial identification order or a violation of G.S. § 5A-11 might constitute a "prior conviction" under the Act.

As noted above, the North Carolina Constitution mandates that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const., art. I, § 24. In our State, moreover,

> the only exception to the rule that "nothing can be a conviction but the verdict of a jury" is the constitutional authority granted the General Assembly to provide for the *initial* trial of misdemeanors in inferior courts without a jury, with trial *de novo* by a jury upon appeal. N.C. Const., art I. § 24 (1971).

*State v. Hudson,* 280 N.C. 67, 79, 185 S.E.2d 189, 192 (1971) (citation omitted).

In short, our Supreme Court has upheld denial in superior court of a jury trial in criminal contempt proceedings which might result in a maximum punishment of no more than thirty days imprisonment. *See Blue Jeans Corp.,* 275 N.C. at 511, 169 S.E.2d at 872. Because the North Carolina Constitution mandates that there can be no conviction of a "crime" except upon a jury verdict, *see* N.C. Const., art. I, § 24, or upon a plea of guilty or no contest in lieu of the right to a jury trial, *see* G.S. § 15A-1331(b), defendant's 1994 adjudication of criminal contempt, assumed for purposes of the instant opinion to have subjected him to a maximum punishment of no more than thirty days imprisonment, cannot be considered a "prior conviction" under a "strict" construction, *see State v. Jarman,* 140 N.C. App. at 205, 535 S.E.2d at 880, *and Joint Venture,* 54 N.C. App. at 205, 282 S.E.2d at 511, of G.S. § 15A-1340.11(7).

Finally, we note the General Assembly amended G.S. § 15A-1340.21(b) on 1 December 1997 by inserting the following concluding sentence:

In determining the prior conviction level, a prior offense may be included if it is either a felony or a misdemeanor at the time the offense for which the offender is being sentenced is committed.

Defendant contends the General Assembly sought to clarify that an offense must have been either a felony or misdemeanor to qualify as a "prior conviction." The State responds that

it appears the [legislative] intent was to clarify that both felonies and misdemeanors are counted and each is counted as one conviction.

Whatever the intent of the amendment, *see Spruill v. Lake Phelps Vol. Fire Dep't,* Inc., 351 N.C. 318, 323, 523 S.E.2d 672, 676 (2000) ("[i]n construing a statute with reference to an amendment, it is presumed that the Legislature intended either (1) to change the substance of the original act or (2) to clarify the meaning of it"), the statute expressly fails to include, either in the original or amended version, any provision that a previous adjudication of criminal contempt may be counted as a "prior conviction" under the Act, *see In re Taxi Co.,* 237 N.C. 373, 376, 75 S.E.2d 156, 159 (1953) (where statute sets forth instances of its coverage, other coverage is necessarily

excluded under the maxim *expressio unius est exclusio alterius,* *i.e.,* "the expression of one thing is the exclusion of another"). Had the General Assembly intended that criminal contempt adjudications as well as misdemeanors be considered "crimes," *see* Black's Law Dictionary, 370 (" '[c]rime' and 'misdemeanor', properly speaking, are synonymous terms") so as to qualify as "prior conviction" under G.S. § 15A-1340.11(7), "it would have been a simple matter [for it] to [have] include[d] th[at] explicit phrase," *In re Appeal of Bass Income Fund,* 115 N.C. App. 703, 706, 446 S.E.2d 594, 596 (1994), within the statutory amendment. *See McAninch v. Buncombe County Schools,* 347 N.C., 126, 133, 489 S.E.2d 375, 380 (1997) (after having "specifically declared" method of lost income calculation applicable to "the usual situation[]," General Assembly would have been "equally specific" had it intended a different method to apply in "the exceptional cases").

In sum, defendant's 1994 criminal contempt adjudication did not constitute a "prior conviction" for purposes of the Act, and the trial court erred by including such adjudication within its computation of defendant's sentencing level. Accordingly, the trial court's judgments are vacated and this matter remanded for re-sentencing proceedings not inconsistent with the opinion herein.

No error in the trial; remanded for re-sentencing.

Judges WYNN and McGEE concur.