BOYUM, Chief Justice.
This matter is properly before the Supreme Court pursuant to Cherokee Code § 7-2(e) as contempt citations are appealable, Carbon Fuel Co. v. United Mine Workers, 517 F.2d 1348 (4th Cir. 1975). In accordance with Cherokee Rules of Appellate Procedure (RAP) 11(b)(3), the Court will review and render a decision on the record without oral arguments or briefs.
It is clear that Courts must have inherent contempt powers as necessary for the imposition of respect, decorum and submission to the court’s lawful mandates. Anderson v. Dunn, 19 U.S. 204, 227, 6 Wheat. 204, 5 L.Ed. 242 (1821). Criminal contempt proceedings “are those brought preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders.” State v. Reaves, 142 N.C.App. 629, 632-33, 544 S.E.2d 253, 256 (2001). A conviction of *171 criminal contempt for violation of a court order must be proved beyond a reasonable doubt. Richmond Black Police Officers Association, et al. v. The City of Richmond, Virginia, 548 F.2d 123, 129 (4th Cir.1977). It must be proved that a person willfully, intentionally, with a wrongful state of mind, violated a decree that was definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom it was addressed. Id.
However, given the sparseness of the trial court record and the total lack of a transcript of the trial court proceeding, it is impossible to determine whether the appellant, Ms. Russell, was actually ordered by the Court to attend mediation or whether she was actually notified of the mediation, even if she was so ordered. Consequently, it appears to the Court that it is impossible in this case to find that sufficient evidence existed to support the trial court’s finding that Ms. Russell committed criminal contempt. For the above reasons, the conviction of the appellant for criminal contempt is reversed.
Justice TOINEETA PIPESTEM and Justice DAVIS (by designation) concur.