An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-856

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.                                    Guilford County
                                      No. 11 CRS 69355
STEVYN JAMAL DILWORTH


Appeal by defendant from judgment entered 24 April 2012 by Judge A. Robinson Hassell in Guilford County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

> *Guy J. Loranger for defendant-appellant.*


ELMORE, Judge.

## I. Background

Defendant was found guilty of simple assault in Guilford County District Court on 7 July 2011. He appealed to superior court and pled guilty to the offense on 24 April 2012. The trial court sentenced defendant as a prior conviction level III to imprisonment for a term of forty-five days. His sentence was

suspended, and defendant was placed on unsupervised probation for twelve months. Defendant appeals.

## II. Analysis

### a.) Writ of Certiorari

We first note that the State filed a motion to dismiss the appeal on 26 September 2013 on the grounds that defendant could not raise any appealable issue pursuant to N.C. Gen. Stat. § 15A-1444 (2013). Defendant filed a response to the motion to dismiss and a petition for writ of certiorari. In its response brief to defendant's writ of certiorari, the State additionally noted a basis for dismissal of the appeal in that defendant's "handwritten notice of appeal failed to designate the judgment or order from which appeal was taken[.]" While we disagree with the State's contention that defendant could not raise any appealable issue, we agree that since defendant's appeal was defective, no proper timely notice of appeal was given, and thus the appeal should be dismissed. However, this Court may, in its discretion, issue a writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1). Thus, in our discretion, we allow defendant's petition. *See State v. Gardner*, ___ N.C.

App. \_\_\_, \_\_\_, 736 S.E.2d 826, 829 (2013) ("[T]his Court has generally granted *certiorari* under N.C.R. App. P. 21(a)(1) when a defendant has pled guilty, but lost the right to appeal the calculation of her prior record level through failure to give proper oral or written notice.")

**b.) Prior Conviction Level**

Defendant first argues that the trial court erred by including a criminal contempt adjudication as a conviction in determining defendant's prior conviction level. We find harmless error as to this issue.

We review *de novo* a trial court's assignment of a prior conviction level. *State v. Fraley*, 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). We apply harmless error analysis to a trial court's erroneous calculation thereof. *State v. Lindsay*, 185 N.C. App. 314, 316, 647 S.E.2d 473, 474 (2007). The determination of the prior conviction level of a misdemeanant is made by calculating the number of the offender's prior convictions that the trial court finds proven in accordance with N.C. Gen. Stat. § 15A-1340.21(c). N.C. Gen. Stat. § 15A-1340.21 (2013). The trial court may place the offender at one of the following three levels based upon the number of prior convictions of either a felony or misdemeanor offense: (1) Level

I if the offender has zero prior convictions; (2) Level II if the offender has at least one but not more than four prior convictions; or (3) Level III if the offender has five or more convictions. N.C. Gen. Stat. § 15A-1340.21(b). If an offender is convicted of more than one offense in a single session of district court, or single week of superior court or foreign jurisdiction court, then only one of the convictions may be used to determine the prior conviction level. N.C. Gen. Stat. § 15A-1340.21(d).

Defendant's counsel stipulated to seven prior convictions listed on the sentencing worksheet, including a conviction for criminal contempt. Of those seven, two are deducted pursuant to N.C. Gen. Stat. § 15A-1340.21 because they occurred during the same session of court as another conviction. Of the remaining five convictions, defendant only challenges inclusion of the conviction for criminal contempt. Defendant's challenge is well taken because we have held that an adjudication of criminal contempt is not a conviction of a crime and is not includable as a prior conviction for sentencing purposes. *See State v. Reaves*, 142 N.C. App. 629, 636, 544 S.E.2d 253, 258 (2001). Deduction of the improperly included offense reduces defendant's total number of prior convictions to four, and thus defendant

should have been classified as a Prior Conviction Level II instead of III.

Having concluded that the trial court erred in its determination of the prior conviction level, we must now decide whether the error is harmless. We have held that an error in the calculation of felony prior record level points is harmless or not prejudicial if the sentence imposed by the trial court is within the range established for the correct prior record level. *See State v. Ledwell*, 171 N.C. App. 314, 321, 614 S.E.2d 562, 567 (2005), *cert. dismissed*, ___ N.C. ___, 699 S.E.2d 639, *cert. denied*, ___ N.C. ___, 702 S.E.2d 503 (2010) (defendant, who should have been sentenced at a prior record level of V for a Class C felony, "suffered no prejudice, as his sentence was within the range for a Class C level V felon"). Simple assault is a Class 2 misdemeanor. N.C. Gen. Stat. § 14-33(a) (2013). For a Class 2 misdemeanor conviction, a Level II offender may be subject to a sentence of 1-45 days community/intermediate punishment whereas a Level III offender may be subject to a sentence of 1-60 days community/intermediate/active punishment. *See* N.C. Gen. Stat. § 15A-1340.23(c) (2013). The suspended sentence of 45 days imposed by the trial court falls within the

punishment range permitted for the lesser conviction level. Thus, defendant has not been prejudiced.

## c.) Ineffective Assistance of Counsel

We next turn to defendant's claim that he was denied effective assistance of counsel because the record "suggests" counsel failed to properly advise defendant of the risks and consequences surrounding his plea. The State contends that defendant does not have a right to raise this claim on direct appeal from a judgment entered upon a guilty plea. We agree with the State.

"[A] defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." *State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002). Defendant's claim of ineffective assistance of counsel does not involve a sentencing issue and does not derive from a motion to suppress or motion to withdraw the guilty plea. Thus, he does not have a right to raise this claim on appeal. *See State v. Jamerson*, 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003).

Assuming, *arguendo*, that defendant could petition this Court for a writ of certiorari to consider this issue, we decline in our discretion to issue the writ. We dismiss this claim without prejudice to defendant's right to raise it by a motion for appropriate relief filed in the trial court.

### III. Conclusion

In sum, the trial court committed harmless error by including a criminal contempt adjudication as a conviction in determining defendant's prior conviction level. Moreover, we dismiss defendant's ineffective assistance of counsel claim because he does not have a right to raise this issue on direct appeal from a judgment entered upon a guilty plea.

No prejudicial error.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).