STATE OF NORTH CAROLINA v. BILLY GENE LEDWELL

No. COA04-872

(Filed 5 July 2005)

**1. Appeal and Error— preservation of issues—failure to argue**

Defendant abandoned three of his nine assignments of error by failing to argue them in his brief as required by N.C. R. App. P. 10(b).

**2. False Pretense— attempting to obtain property by false pretenses—failure to include specific amount of currency—notice**

The original and superseding indictments for attempting to obtain property by false pretenses were proper even though they did not include a specific amount of currency which defendant was alleged to have obtained, because: (1) N.C.G.S. § 14-100 states that any money obtained by false pretenses constitutes a violation of the statute and does not specify that the indictment must include the specific amount of money; and (2) the term "United States currency" is sufficient to describe the money and the inclusion of the watch band in the indictment provides defendant with notice of the crime of which he is accused.

**3. False Pretense— attempting to obtain property by false pretenses—motion to dismiss—sufficiency of evidence**

The trial court did not err in an attempting to obtain property by false pretenses case by denying defendant's motions to dismiss based on an alleged variance between the indictment and the proof presented by the State at trial concerning evidence of a statement that defendant was entitled to a refund for a watchband that defendant knew he had unlawfully taken, because: (1) representation of a false pretense need not come through spoken words, but instead may be by act or conduct; (2) the State presented testimony by witnesses that defendant represented in act and through words that he wanted a refund for the watch; and (3) a reasonable juror could conclude from the State's evidence that defendant represented that he was entitled to a refund.

**4. False Pretense— attempting to obtain property by false pretenses—instructions—plain error analysis**

The trial court did not commit plain error by instructing the jury regarding elements of attempting to obtain property by false

pretenses even though defendant contends they were not specific to the misrepresentation alleged in the indictment, because: (1) the State presented evidence of a single misrepresentation from which a reasonable juror could infer defendant represented to the employee that he wanted a refund for the watch that defendant knew he had unlawfully taken; and (2) there is no other misrepresentation that the jury could have found and thus there was no need to instruct the jury on the specific misrepresentation.

**5. Sentencing— habitual felon—attempting to obtain property by false pretenses**

The trial court did not improperly enter judgment and sentence under the habitual felon indictment alone, because: (1) although both the file number for the habitual felon indictment and the file number for the underlying offense of attempting to obtain property by false pretenses (AOPFP) should have been listed in the upper right corner of the judgment, this error is merely clerical; (2) defendant received notice by a proper indictment and was charged with AOPFP, and the file number for AOPFP is noted on the face of the judgment; and (3) defendant was not convicted of being an habitual felon, but rather his status as an habitual felon enhanced his conviction of AOPFP.

**6. Sentencing— habitual felon—miscalculation of prior record level**

Defendant was not prejudiced by the trial court's miscalculation of his prior record level for purposes of his habitual felon status, because: (1) his sentence was within the range for a Class C level V felon; and (2) the trial court reviewing the miscalculation found as fact that the District Attorney's office discovered convictions that it failed to include in the initial sentencing worksheet, and including these convictions would place him at nineteen points which is within the presumptive range for level VI.

**7. Constitutional Law; Sentencing— habitual felon—proportionate—not cruel and unusual punishment**

The trial court's sentencing of defendant to 142 months to 180 months was not disproportionate to the crime committed and did not violate defendant's Eighth and Fourteenth Amendment rights, because: (1) contrary to defendant's contention that he was sentenced to a maximum of 180 months for attempting to steal a nine dollar watchband, defendant's sentence was imposed based on his status as an habitual felon; (2) sentencing an habitual felon is

based not only on defendant's most recent offense, but on his past criminal offenses as well; and (3) defendant had a twenty-five year history of criminal convictions.

Appeal by defendant from judgment entered 1 May 2002 by Judge Clarence E. Horton, Jr. in Richmond County Superior Court. Heard in the Court of Appeals 13 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Robert M. Curran, for the State.*

*James P. Hill, Jr. for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals from his conviction of attempting to obtain property by false pretenses and of being an habitual felon. We find no error.

The State presented evidence at trial tending to show the following: On 5 January 2001 defendant entered a Wal-Mart store in Rockingham, North Carolina. Defendant approached the jewelry counter, placed two necklace chains on the counter, and asked if he could return them. Defendant had no receipt for the chains and was told that he could not return them because there was no inventory of those items at the store. The jewelry department manager testified that, as defendant walked away from the counter, he removed a watch from the store shelf, placed it in his pocket, and discarded the packaging. The manager then observed defendant request a refund for the watchband from the customer service department. Defendant was informed that he could only return those items in the jewelry department. Defendant then returned to the jewelry department and requested a refund for the necklaces and the watchband. Wal-Mart policy prohibited employees from confronting defendant about shoplifting the watch. Defendant received $13.64 for the watchband.

Defendant presented no evidence. The jury found defendant guilty of attempt to obtain property by false pretenses. Defendant pled guilty to habitual felon status. The trial court imposed a sentence of 142 months to 180 months. Defendant appeals.

[1] The record on appeal contains nine separate assignments of error. Defendant brings forward six of the assignments of error in his brief. The remaining assignments of error are abandoned. N.C. R.

App. P. 10(b). Defendant asserts (1) the indictment and superceding indictment returned against him were invalid; (2) the trial court erred when it denied defendant's motions to dismiss based on insufficiency of the evidence; (3) the trial court committed plain error by improperly instructing the jury regarding elements of the crime on which defendant is charged; (4) the trial court erred by entering judgment and imposing sentence under the habitual felon indictment; (5) the trial court erred in imposition of sentence against defendant by miscalculating defendant's prior record level; and (6) the sentence of 142 months to 180 months was disproportionate to the crime committed and thus a violation of the Eighth and Fourteenth Amendments. We address these arguments in turn.

## I. Indictments

[2] Defendant first contends that the original indictment and superceding indictment for obtaining property by false pretenses were invalid, because the indictments for obtaining property by false pretenses did not include a specific amount of currency which defendant was alleged to have obtained. Defendant argues that the failure of the indictments to state the amount of currency did not provide adequate notice. We do not agree.

The "indictment must charge the essential elements of the alleged offense." *State v. Thomas*, 153 N.C. App. 326, 335, 570 S.E.2d 142, 147 (2002). To provide notice, an indictment must contain, "[a] plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a)(5) (2003). The elements of obtaining property by false pretenses are "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Childers*, 80 N.C. App. 236, 242, 341 S.E.2d 760, 764 (1986).

Regarding the crime of obtaining property by false pretenses, "[i]t is the general rule that the thing obtained . . . must be described with reasonable certainty, and by the name or term usually employed to describe it." *State v. Walston*, 140 N.C. App. 327, 334, 536 S.E.2d 630, 635 (2000) (quoting *State v. Gibson*, 169 N.C. 381, 383, 85 S.E. 7, 8 (1915)). Here, the original and superceding indictments allege that

defendant attempted to obtain "United States currency" by false pretenses. Specifically the indictment alleges defendant communicated false pretenses when he "represented to an employee of Wal-Mart that he was entitled to a refund for a watch band, when in truth and in fact, the defendant knew that he had unlawfully taken the watch band and was not entitled to a refund." North Carolina General Statute § 14-100 states that "any money" obtained by false pretenses constitutes a violation of the statute and does not specify that the indictment include the specific amount of money. N.C. Gen. Stat. § 14-100 (2003).

Although defendant is correct in asserting that the North Carolina Supreme Court has held that the indictment should describe the money by giving the amount in dollars and cents when alleging money has been obtained by false pretenses, the present case can be distinguished from these earlier holdings. *See State v. Smith*, 219 N.C. 400 (1941) (holding that an indictment charging a defendant with obtaining money by false pretenses should describe the money by the amount); *see also State v. Resse*, 83 N.C. 637 (1880) (holding that indictments for obtaining property by false pretenses should describe goods by the usual name and money in dollars and cents). This case is distinguished because the indictment mentions the specific item which defendant used to obtain the money. The term "United States currency" is sufficient to describe the money and the inclusion of the watch band in the indictment provides defendant with notice of the crime of which he is accused. The indictment in question set forth the elements necessary to provide defendant with proper notice regarding the conduct of attempting to obtain property by false pretenses. We overrule this assignment of error.

## II. Motion to Dismiss

[3] Second, defendant argues there was a variance between the indictment and the proof presented by the State at trial. The superceding indictment described the false pretense as "[t]he defendant represented to an employee of Wal-Mart that he was entitled to a refund for a watch band, when in truth and in fact, the defendant knew that he had unlawfully taken the watch band and was not entitled to a refund." Defendant argues the State presented insufficient evidence regarding his representation to the Wal-Mart employee that he was entitled to a refund. Defendant contends the trial court therefore should have granted his motion to dismiss. We find no merit to this argument.

"In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence." *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91 (1997). Defendant argues the State presented no evidence of a statement that he was entitled to a refund. However, representation of a false pretense "need not come through spoken words, but instead may be by act or conduct." *State v. Parker*, 354 N.C. 268, 284, 553 S.E.2d 885, 897 (2001). The State presented testimony by witnesses that defendant represented in act and through words that he wanted a refund for the watchband.

State's witness, Theresa Hatcher, testified that defendant "asked could he get a refund for any of this—which was the watchband and the necklace." Ms. Hatcher also testified, "He went back there [to the jewelry counter] and he pulled out the watchband and this necklace and throwed [sic] them on the counter again, and told them that he wanted a refund." Another witness for the State, Amy Updike, testified at trial, "he came back to the service desk, and he was still trying to get a refund. He had a watchband and a necklace that he put up on there. . . . And he wanted to know if he could get a refund on anything." Mary Durocher, a witness for the State, testified, "[h]e came up to the service desk. And he opened up his hand and had jewelry—a chain in his hand, and a watchband in his hand. And he showed them to me like this, and he was like, . . . 'What do I need to do with this?' "

When viewed in the light most favorable to the State, a reasonable juror could conclude from the State's evidence that defendant represented that he was entitled to a refund.

### III. Jury Instructions

[4] Third, defendant argues the jury instructions were prejudicial because they were not specific to the misrepresentation alleged in the indictment. Defendant alleges the trial court erred in giving the following instruction to the jury:

First, that the defendant made a representation to another. Second, that that representation was false. Third, that the representation was calculated and intended to deceive. You need not find that the person to whom the representation was made was in fact deceived. And, fourth, that the defendant thereby attempted to obtain property from the victim.

Defendant asserts that the jury was never instructed as to the specific misrepresentation it needed to find in order to convict defendant based on the indictment. We do not agree.

Because there was no objection to the instructions during the charge conference, defendant's contention is reviewed under the plain error standard. To determine whether plain error has been committed, "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983). The error must be so prejudicial that justice has not been served or a fundamental right is denied. *Id.* at 660, 300 S.E.2d at 378.

A jury instruction that is not specific to the misrepresentation in the indictment is acceptable so long as the court finds "no fatal variance between the indictment, the proof presented at trial, and the instructions to the jury." *State v. Clemmons*, 111 N.C. App. 569, 578, 433 S.E.2d 748, 753 (1993).

The indictment stated that "defendant represented to an employee of Wal-Mart that he was entitled to a refund for a watch band, when in truth and in fact, the defendant knew that he had unlawfully taken the watch band and was not entitled to refund." The State presented evidence of a single misrepresentation. There is no other misrepresentation that the jury could have found; therefore, there is no need to instruct the jury on the specific misrepresentation. The State presented evidence from which a reasonable juror could infer defendant represented to the Wal-Mart employee that he wanted a refund for the watch.

### IV. Habitual Felon Status

[5] Fourth, defendant argues that the judgment and commitment impose an active sentence on him solely for being an habitual felon. This argument is based on the omission of the file number for the charge of attempting to obtain property by false pretenses in the upper right corner of the judgment. The judgment lists both file numbers, but only the file number corresponding with the habitual felon indictment is in the upper right corner position. Defendant asserts that this is a judicial error, requiring reversal. We disagree.

Habitual felon is a status meant to enhance a sentence after a person is convicted of a crime. The habitual criminal act does not create a separate offense that is sufficient to support a criminal sen-

tence by itself. *State v. Thomas*, 82 N.C. App. 682, 683, 347 S.E.2d 494, 495 (1986). Though both the file number for the habitual felon indictment and the file number for the underlying offense of attempting to obtain property by false pretenses should have been listed in the upper right corner, this is no more than a clerical error. Defendant received notice by a proper indictment and was clearly charged with attempting to obtain property by false pretenses. The file number for attempting to obtain property by false pretenses is noted on the face of the judgment. Defendant was sentenced only once as required by the habitual felon statute. N.C. Gen. Stat. § 14-7.6 (2003). Defendant was not convicted of being an habitual felon, rather his status as an habitual felon enhanced his conviction of attempting to obtain property by false pretenses.

### V. *Prior Record Level*

[6] Defendant argues that two of his prior convictions were incorrect for the purposes of his habitual felon status. Defendant correctly notes that his conviction for sell/delivery of cocaine should have been calculated as a Class H felony instead of a Class G felony and the convictions for 97 CRS 9949 should have been counted once, for a resulting record level of V.

However, defendant has suffered no prejudice, as his sentence was within the range for a Class C level V felon. In addition, the trial court reviewing the miscalculation found as fact that the District Attorney's office discovered convictions that it failed to include in the initial sentencing worksheet. Including these convictions in defendant's prior record would place him at nineteen points; the presumptive range for level VI. Thus, defendant has suffered no prejudice as a result of the error.

### VI. *Proportionality of the Sentence*

[7] Finally, defendant argues that his sentence of 142 months to 180 months is disproportionate to the crime he committed, and that it therefore violates the Eighth Amendment prohibition on cruel and unusual punishment. We do not agree.

It is highly unusual for the sentence in a non-capital case to be so disproportionate that it violates the Eighth Amendment. *State v. Hensley*, 156 N.C. App. 634, 639, 577 S.E.2d 417, 421 (2003). Contrary to defendant's contention that he was sentenced to a maximum of 180 months for attempting to steal a nine dollar watchband, defendant's sentence was imposed based on his status as an habitual felon.

Sentencing an habitual felon is based not only on his most recent offense, but on the past criminal offenses as well. *State v. Aldridge*, 76 N.C. App. 638, 640, 334 S.E.2d 107, 108, (1985). Defendant had a lengthy criminal record and was sentenced accordingly. The sentence of 142 months to 180 months is not disproportionate to defendant's twenty-five year history of criminal convictions.

No error.

Judges WYNN and TIMMONS-GOODSON concur.