IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-335

 Filed: 15 December 2015

Martin County, Nos. 13 CRS 50880, 50881, 50882, 50883, 50884

STATE OF NORTH CAROLINA

 v.

D’MARCUS DELTON BALLARD, Defendant.

 Appeal by defendant from judgments entered 22 September 2014 by Judge

Walter H. Godwin, Jr. in Martin County Superior Court. Heard in the Court of

Appeals 24 September 2015.

 Dunn, Pittman, Skinner & Cushman, PLLC, by Rudolph A. Ashton, III, for
 defendant-appellant.

 Attorney General Roy Cooper, by Assistant Attorney General Brent Kiziah for
 the State.

 DIETZ, Judge.

 In June 2013, two masked men robbed a convenience store at gunpoint. They

shot up the store, leaving bullet holes and shell casings, and fled in a getaway car.

The store’s employees and several customers outside witnessed the robbery. The

store’s security cameras also recorded the robbery.

 Over the next month, police tried unsuccessfully to identify and apprehend the

perpetrators and ultimately offered a reward for information. Defendant D’Marcus

Ballard then came forward and told police he was one of the men who planned and
 STATE V. BALLARD

 Opinion of the Court

participated in the robbery. He explained that the other men involved in the robbery

murdered his cousin, and he was coming forward because he wanted justice. He

provided police with details of the robbery that had not been released to the public.

 Later, Ballard changed his story and insisted that he was not involved in the

robbery. He claimed that he came forward to frame the men who killed his cousin

and to get the reward money. At trial, the State introduced Ballard’s statements,

testimony from other witnesses, and the security footage. Ballard moved to dismiss

based on the doctrine of corpus delicti—a seldom invoked legal doctrine that

precludes a conviction where the only evidence that the crime occurred is the

perpetrator’s own testimony. The trial court denied his motion and, after the jury

convicted him, Ballard appealed.

 The corpus delicti rule does not apply here. To be sure, Ballard’s own

testimony is the only evidence that he participated in planning and executing the

robbery. But there is no dispute that the robbery happened—the evidence includes

security footage, numerous eyewitnesses, and bullet holes and shell casings

throughout the store. The doctrine of corpus delicti applies where the defendant’s

confession is the only evidence that the crime occurred at all, not where the confession

is the only evidence the defendant was the perpetrator. Accordingly, we find no error

in Ballard’s conviction.

 -2-
 STATE V. BALLARD

 Opinion of the Court

 With respect to Ballard’s sentence, the trial court’s judgment mistakenly

indicated that Ballard’s prior felony record level was II rather than I, a mistake the

court later corrected without a new sentencing hearing. Even if we assume that the

mistaken record level on the judgment form was not merely a clerical error, we must

find that error harmless. Ballard’s sentence was within the presumptive range at

both record levels and this Court has repeatedly held that an erroneous record level

calculation does not prejudice the defendant if the trial court’s sentence is within the

presumptive range at the correct record level. See, e.g., State v. Ledwell, 171 N.C.

App. 314, 321, 614 S.E.2d 562, 567 (2005). Accordingly, we find no error.

 Facts and Procedural History

 On 27 June 2013, two masked men entered the FIDA Mart in Hamilton, North

Carolina. There were four employees inside the store and some customers in the

parking lot. One of the men pointed a revolver at a store employee and said “freeze.”

The men then began shooting, sending the store employees scrambling for cover and

leaving bullet holes and shell casings throughout the store. The men quickly fled

from the scene in a getaway car parked outside. Store security video recorded the

incident.

 Police interviewed the witnesses, reviewed the security camera footage, and

collected the shell casings from the scene, but were unable to identify the

perpetrators. Police eventually offered a reward for information about the

 -3-
 STATE V. BALLARD

 Opinion of the Court

perpetrators. Nearly a month later, on 23 July 2013, Defendant D’ Marcus Ballard

contacted police. Ballard explained that he was involved in the robbery, knew the

identities of the other perpetrators, and wanted to come clean. He told police that he

believed others who participated in the robbery killed his cousin and he wanted

justice.

 Ballard gave police a detailed explanation of his involvement in planning and

committing the robbery, including details that police had not released to the public.

Ballard also signed a three-page written confession containing the same information.

Police then charged Ballard with attempted armed robbery with a dangerous weapon,

conspiracy to commit robbery with a dangerous weapon, and four counts of assault

with a deadly weapon with intent to kill.

 At trial, the State called several witnesses who described what happened

during the robbery. The State also introduced the store’s surveillance video of the

robbery. Ballard took the stand in his own defense and told the jurors that he was

innocent. He explained that he learned about the robbery from the news media and

confessed in an attempt to get back at gang members who killed his cousin. Ballard

also moved to dismiss the charges based on the corpus delicti rule. The trial court

denied the motion and the jury found him guilty of attempted armed robbery with a

dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and four

counts of misdemeanor assault with a deadly weapon.

 -4-
 STATE V. BALLARD

 Opinion of the Court

 The trial court sentenced Ballard to consecutive sentences of 60-84 months in

prison for the attempted robbery conviction, 20-36 months in prison for the conspiracy

conviction, and 75 days for the four assault convictions.

 Approximately one month after sentencing, the Department of Public Safety

notified the trial court of a possible error on the judgment forms because the forms

listed Ballard’s prior felony record level as II when it should have been I. On 6

January 2013, the trial court corrected the judgments for the two felony convictions

to accurately reflect Ballard’s prior felony record level of I. The court did not hold a

new sentencing hearing. Ballard timely appealed.

 Analysis

 I. The Corpus Delicti Rule

 Ballard first challenges the trial court’s denial of his motion to dismiss based

on the corpus delicti rule. For the reasons explained below, we reject Ballard’s

argument.

 “It is well established in this jurisdiction that a naked, uncorroborated,

extrajudicial confession is not sufficient to support a criminal conviction.” State v.

Trexler, 316 N.C. 528, 531, 342 S.E.2d 878, 880 (1986). The “corpus delicti rule”

requires “that there be corroborative evidence, independent of defendant’s confession,

which tend[s] to prove the commission of the charged crime.” Id. Importantly, the

corpus delicti rule applies where the confession is the only evidence that the crime

 -5-
 STATE V. BALLARD

 Opinion of the Court

was committed; it does not apply where the confession is the only evidence that the

defendant committed it. As our Supreme Court has explained, whether the defendant

was “the perpetrator of the crime” is not an element of corpus delicti:

 [T]he phrase “corpus delicti” means the “body of the crime.” To
 establish guilt in a criminal case, the prosecution must show that
 (a) the injury or harm constituting the crime occurred; (b) this
 injury or harm was caused by someone’s criminal activity; and (c)
 the defendant was the perpetrator of the crime. It is generally
 accepted that the corpus delicti consists only of the first two
 elements, and this is the North Carolina rule.

State v. Parker, 315 N.C. 222, 231, 337 S.E.2d 487, 492–93 (1985).

 Here, Ballard argues that the trial court should have dismissed the charges

based on the corpus delicti rule because “but for his statement, there was no

independent evidence to involve him with the planning of the incident . . . or at the

scene.” With respect to the attempted robbery and assault charges, the fact that

Ballard refers to the “incident” demonstrates why his argument is flawed. There is

no dispute that two masked men entered a convenience store, ordered the employees

to freeze, began shooting when the employees ran for cover, and then fled in a nearby

car. Thus, there is uncontested evidence that “the injury or harm constituting the

crime” of attempted robbery and assault occurred and that “this injury or harm was

caused by someone’s criminal activity.” The only unanswered question is who

committed the crime. Ballard’s confession answered this question and, as our

 -6-
 STATE V. BALLARD

 Opinion of the Court

Supreme Court held in Parker, a confession identifying who committed the crime is

not subject to the corpus delicti rule. 315 N.C. at 231, 337 S.E.2d at 492–93.

 Ballard’s argument is slightly more complicated with respect to the conspiracy

charge because, as our Supreme Court has held, in a conspiracy prosecution the

corpus delicti is not the act itself but “the conspiracy to do the act.” State v. Whiteside,

204 N.C. 710, 169 S.E. 711, 712 (1933). There is no direct, tangible evidence that the

men who shot up the convenience store had, before committing the act, conspired to

do it. But we hold that there is sufficient corroborative evidence to defeat application

of the corpus delicti rule.

 First, the fact that two masked men entered the store at the same time, began

shooting at employees at the same time, and then fled together in the same car,

strongly indicates that the men had previously agreed to work together to commit a

crime. Second, as part of his explanation for how he helped plan the robbery, Ballard

provided details about the crime that had not been released to the public, further

corroborating his involvement. Finally, as the Supreme Court noted in Parker,

conspiracy is among a category of crimes for which a “strict application” of the corpus

delicti rule is disfavored because, by its nature, there will never be any tangible proof

of the crime:

 a strict application of the corpus delicti rule is nearly impossible
 in those instances where the defendant has been charged with a
 crime that does not involve a tangible corpus delicti such as is
 present in homicide (the dead body), arson (the burned building)

 -7-
 STATE V. BALLARD

 Opinion of the Court

 and robbery (missing property). Examples of crimes which involve
 no tangible injury that can be isolated as a corpus delicti include
 certain “attempt” crimes, conspiracy and income tax evasion.

Parker, 315 N.C. at 232, 337 S.E.2d at 493. In light of the corroborative evidence

present here, and the Supreme Court’s discussion in Parker, we hold that the corpus

delicti rule does not bar Ballard’s conviction for conspiracy to commit armed robbery.

 II. Sentencing Error

 Ballard next argues that he is entitled to resentencing on the convictions for

attempted armed robbery and conspiracy to commit armed robbery because the

judgments of conviction listed the wrong prior felony record level. As explained

below, even if this was more than a mere clerical error, our precedent compels us to

find the error harmless.

 The parties concede that Ballard’s prior felony record level at the time of

sentencing was I, not II. But the judgments of conviction erroneously listed his record

level as II. After the Department of Public Safety notified the trial court of this error,

the trial court corrected the judgment forms without a new sentencing hearing.

 The State contends that this was simply a clerical error and the trial court

properly corrected it without the need for a new sentencing hearing. Even if we

assume that the error was not merely a clerical one, the error is harmless. Ballard’s

sentence was within the presumptive range at both record levels and this Court

repeatedly has held that an erroneous record level calculation does not prejudice the

 -8-
 STATE V. BALLARD

 Opinion of the Court

defendant if the trial court’s sentence is within the presumptive range at the correct

record level. See, e.g., State v. Ledwell, 171 N.C. App. 314, 321, 614 S.E.2d 562, 567

(2005); State v. Rexach, No. COA14-1012, 2015 WL 1201250, 772 S.E.2d 13 (N.C. Ct.

App. 2015) (unpublished) (“An error in the calculation of a defendant’s prior record

level points is deemed harmless if the sentence imposed by the trial court is within

the range provided for the correct prior record level.”); State v. Dilworth, No. COA13-

856, 2014 WL 1795180, 759 S.E.2d 711 (N.C. Ct. App. 2014) (unpublished) (“We have

held that an error in the calculation of felony prior record level points is harmless or

not prejudicial if the sentence imposed by the trial court is within the range

established for the correct prior record level.”). Thus, even if we assume the mistake

on the judgment forms was not merely a clerical error, our precedent establishes that

the error was harmless.

 Conclusion

 We find no error in Defendant’s convictions and sentence.

 NO ERROR.

 Judges HUNTER, JR. and DILLON concur.

 -9-