TYSON, Judge.
 

 *102
 
 Peter Dane Koke ("Defendant") appeals from judgments entered after a jury found him guilty of obtaining property by false pretenses and insurance fraud. We find no plain error.
 

 I. Background
 

 Defendant obtained a personal automobile insurance policy for a Jeep Patriot Sport vehicle from National General Insurance through AAC Insurance Agency on 1 August
 
 *889
 
 2014. Twelve days later, Defendant bought a new black Dodge Ram pick-up truck ("Ram"), and traded in the Jeep. Sometime after purchasing the truck, Defendant removed the Jeep from coverage under his insurance policy and added coverage for the Ram. The insurance policy was renewed for the Ram on 1 February 2015 for a six-month term. The policy was cancelled on 19 May 2015 for non-payment.
 

 While uninsured, the Ram was involved in an accident on 3 July 2015. Defendant was not driving the Ram at the time of the accident, but was following behind in another vehicle. The driver of the Ram was found to be at fault. The responding officer estimated the damage to the Ram to be $9,000, and rated the damage to be a "4" on a scale from 1 to 7.
 

 *103
 
 The officer observed the front of the Ram to be "pushed in" and opined it was not "roadworthy."
 

 Defendant hired a self-employed mechanic, Archer Brawner, to repair the front end of the truck. Defendant procured replacement parts for the truck and agreed to pay Brawner $500 to make the repairs, which Defendant did not pay. At trial, Brawner was unsure of all the parts he had replaced. He consistently stated he had replaced the hood and the driver's side fender, but could not recall if he had replaced the grill or any other damaged parts. Brawner described the damage to the Ram as "cosmetic," but testified he did not know whether the truck was functional. Brawner did not provide Defendant with an invoice detailing the repairs, nor did he take any pictures or make notes about the extent of the damage.
 

 On 7 August 2015, Defendant applied for a commercial automobile insurance policy for coverage on the Ram. The application included various questions, including a question inquiring whether "the applicant or any listed driver [had] been convicted, plead guilty, nolo contendere, or no contest to any felony other than alcohol-related driving offenses during the last 10 years." A felony conviction would preclude issuance of a commercial insurance policy, per company regulations.
 

 The insurance agent presented Defendant with a pre-filled application, which answered the above question, and all other questions, as "no." Defendant reviewed and signed the application. Defendant had pled guilty to a felony offense of obtaining property by false pretenses on 1 April 2006.
 

 Defendant was issued a commercial automobile insurance policy, which valued the Ram at $22,500. The policy provided for comprehensive insurance, which included coverage for theft.
 

 Five days after securing coverage, on 12 August 2015, Defendant reported the Ram had been stolen. National General Insurance sent Defendant an affidavit to complete, sign, and have notarized. Defendant filled in most of the requested information but left some spaces blank, including one inquiring about "major repairs since purchase."
 

 Defendant did not disclose the prior accident on 3 July 2015 to National General, but it was discovered by the company during the course of its investigation of the theft. Once confronted about the previous accident, Defendant disclosed the repairs completed by Brawner. Defendant did not provide any documentation concerning the repairs or the parts used.
 

 *104
 
 North Carolina Department of Insurance investigator Tyler Braswell was contacted by the Wilmington Police Department in September 2015, to assist with locating the Ram. After the investigation was completed, National General reviewed Defendant's claim, conducted a manager's "round table review," and concluded the company did not have evidence to refute the claim that the truck had been stolen.
 

 National General issued two checks to Defendant, each for $11,000, on 2 October and 8 October 2015. National General attempted to stop payment on both checks after they had been mailed, as its underwriting department had determined Defendant's omission to disclose his prior felony conviction required the insurance policy to be rescinded. National General was able to stop payment on the
 
 *890
 
 check issued 8 October, but Defendant had already cashed the previous check.
 

 After a year with no sightings of the Ram, Braswell requested the help of the Wilmington Police Department to use sonar to search for the truck in the Cape Fear River on 16 September 2016. They specifically looked in the area near the bridge where Defendant was known to keep vehicles and where the repairs to the Ram had been made. The sonar indicated something under the water near the bridge that appeared to be a vehicle. This was confirmed when Braswell and the officer were assisted by surveyors who were also present on the river that day. Braswell testified that what he saw on the surveyors' imaging equipment "looked consistent with the make and model of a Dodge Ram."
 

 Braswell contacted the Wilmington Fire Department dive team for assistance. The dive team went out to the river on 21 September 2016. The divers confirmed it was a submerged truck and recovered a Dodge Ram emblem from the tailgate and a side mirror.
 

 The river provided extremely low visibility. The testifying firefighter indicated, based upon touch, the truck did not display a license plate. He also had felt there was damage on the front end of the truck, including "large gaps and missing areas." Braswell tried to find assistance to tow the truck out of the water, but was unsuccessful. In May 2017, Braswell discovered the Ram had already been towed out of the river at Defendant's request.
 

 James Haight, of Ace Wrecker Service, Inc., testified Defendant had employed him to remove a truck out of the river on 1 October 2016. Haight identified the truck as a "very dark blue" Dodge, covered with barnacles, and appeared to have "been down there awhile." No license plate or VIN number from the recovered vehicle was identified or noted. Haight towed the truck about half a block away from the boat ramp,
 
 *105
 
 and left it in a locked, fenced-in area. Haight took photographs of the truck he towed out of the river, but the copies included in the record on appeal are not discernable. Defendant's reportedly missing truck was never recovered by investigators.
 

 Braswell took out an arrest warrant for Defendant on 16 October 2015. Defendant was indicted on one count of obtaining property by false pretenses and one count of insurance fraud.
 

 At trial, Defendant made a motion to exclude all evidence related to the truck found in the river. The trial court agreed in part and allowed the evidence only for the limited purpose of proof of Defendant's intent to commit insurance fraud. Limiting instructions were given to the jury at the time the evidence was presented and in the final jury instruction.
 

 The jury found Defendant guilty of obtaining property by false pretenses and of insurance fraud. Defendant was sentenced within the presumptive range of 11 to 23 months for obtaining property by false pretenses. This sentence was suspended, and Defendant was placed on 36 months of probation, which required Defendant to serve 42 days in jail. Defendant was sentenced within the presumptive range of 11 to 23 months for insurance fraud, which was also suspended for 36 months of probation to be served at the conclusion of the first sentence. Defendant was required to pay $11,000 in restitution. Defendant appealed.
 

 II. Jurisdiction
 

 An appeal of right lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444 (2017).
 

 III. Issues
 

 Defendant asserts the trial court committed plain error by: (1) admitting the evidence concerning the truck recovered from the Cape Fear River; (2) failing to instruct the jury that he was guilty of insurance fraud only if he failed to report major repairs; and, (3) failing to instruct the jury that he was guilty of obtaining property by false pretenses only if he represented he had no prior felonies.
 

 *891
 

 IV. Evidence of Sunken Truck
 

 Defendant argues the evidence concerning the truck found in the river was not relevant to the charged offenses. He asserts it was prejudicial error for the trial court to allow the evidence.
 

 *106
 

 A. Standard of Review
 

 At trial, Defendant made a motion
 
 in limine
 
 to exclude all the evidence related to the truck found in and removed from the river. The trial court excluded all such evidence for the charge of obtaining property by false pretenses due to lack of relevance, but concluded the evidence was relevant to the alleged insurance fraud. Four witnesses testified concerning the sunken truck: the surveyor whose sonar identified what appeared to be a Dodge Ram submerged in the river; the firefighter-diver who recovered the Ram emblem and the side-view mirror from the submerged truck; Haight, the tow truck operator who pulled the truck from the river; and Investigator Braswell.
 

 In order to preserve an issue for appeal, a defendant must have made a timely motion or objection to the trial court. N.C. R. App. P 10(a)(1). Our appellate courts have consistently held that "[a] motion
 
 in limine
 
 is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial."
 
 State v. Tutt
 
 ,
 
 171 N.C. App. 518
 
 , 520,
 
 615 S.E.2d 688
 
 , 690 (2005) (alteration in original; citations and internal quotation marks omitted).
 

 Defendant failed to object prior to the testimony of the surveyor or the introduction of the two images from his sonar, which the surveyor identified as a Dodge Ram. Defendant objected after the images were admitted and requested a limiting instruction. Defendant did not object to the testimony of the firefighter-diver, but requested the limiting instruction after his pre-dive checklist was admitted. The trial court gave the limiting instruction prior to Haight's testimony. Defendant failed to object to Investigator Braswell's testimony related to the submerged truck.
 

 Defendant acknowledges that his failure to object to the proffered testimony has waived appellate review for preserved error.
 
 See
 

 State v. Campbell
 
 ,
 
 296 N.C. 394
 
 , 399,
 
 250 S.E.2d 228
 
 , 231 (1979) ("It is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character.").
 

 The State argues this Court is barred from reviewing Defendant's claim under plain error review, and asserts our appellate courts have refused to apply plain error review to matters within the trial court's discretion.
 
 See
 

 State v. Steen
 
 ,
 
 352 N.C. 227
 
 , 256,
 
 536 S.E.2d 1
 
 , 18 (2000). The State accurately asserts a trial court's decision to admit "relevant but prejudicial evidence under Rule 403 is a matter left to the sound
 
 *107
 
 discretion of the trial court."
 
 State v. Handy
 
 ,
 
 331 N.C. 515
 
 , 532,
 
 419 S.E.2d 545
 
 , 554 (1992). However, whether the evidence admitted is relevant or not is a question of law, which this Court reviews
 
 de novo
 
 .
 
 State v. Kirby
 
 ,
 
 206 N.C. App. 446
 
 , 456,
 
 697 S.E.2d 496
 
 , 503 (2010). We review this issue for plain error.
 

 Where a defendant fails to preserve errors at trial, this Court reviews any alleged errors under plain error review.
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 512,
 
 723 S.E.2d 326
 
 , 330 (2012).
 

 The plain error rule "is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record," the error is found to have been "so basic, so prejudicial, so lacking in its elements that justice cannot have been done" or that it had "a probable impact on the jury's finding that the defendant was guilty."
 

 State v. Theer
 
 ,
 
 181 N.C. App. 349
 
 , 363,
 
 639 S.E.2d 655
 
 , 665 (2007) (quoting
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983) ).
 

 B. Relevancy
 

 Defendant argues the evidence related to the sunken truck was irrelevant to the
 
 *892
 
 alleged insurance fraud. The trial court denied admission of the evidence for obtaining property by false pretenses, but allowed the evidence of the sunken truck for the purpose of proving Defendant's intent to commit insurance fraud.
 

 The elements of insurance fraud are: (1) a defendant presents a statement for a claim under an insurance policy; (2) that statement contained false or misleading information; (3) the defendant knows the statement is false or misleading; and, (4) the defendant acted with the intent to defraud.
 
 N.C. Gen. Stat. § 58-2-161
 
 (b) ;
 
 State v. Payne
 
 ,
 
 149 N.C. App. 421
 
 , 426-27,
 
 561 S.E.2d 507
 
 , 511 (2002).
 

 The alleged false statement made by Defendant was his failure "to disclose on the affidavit of vehicle theft from National General Insurance that his vehicle had major repairs since it was purchased." At trial, the State's asserted theory was the towing of the truck from the river indicated Defendant's intent to defraud, as his charged crimes were "crimes of deceit." The State argued that not allowing the evidence about the submerged truck to be admitted would be "in effect punishing the State" for Defendant's removal of the truck.
 

 The State now asserts on appeal a new theory that the evidence of the submerged vehicle falls under the "chain of circumstances"
 

 *108
 
 rationale, which allows for the admission of evidence "if it forms part of the history of the event or serves to enhance the natural development of the facts."
 
 State v. Agee
 
 ,
 
 326 N.C. 542
 
 , 547-48,
 
 391 S.E.2d 171
 
 , 174 (1990) (citations and internal quotations omitted).
 

 The State concedes no direct evidence tends to show Defendant or someone directed by Defendant drove or placed his allegedly stolen Ram into the Cape Fear River. A Dodge Ram was located in the river near property Defendant was known to have used. Divers pulled off an emblem and a side-view mirror, but did not find a license plate or look for a VIN plate or other identification. A "very dark blue" Ram was towed out of the river at Defendant's request, while his purportedly stolen Ram was noted to be black. The diver and tow truck driver who removed the truck both indicated the truck in the river had damage to the front area, including a missing grill.
 

 Defendant was charged with insurance fraud for failure to report major repairs to the Ram, and the State presented evidence of damage to the submerged truck. The State's use of the evidence of the submerged truck is not within a "chain of circumstances," but is more like a logical fallacy. As defense counsel argued at trial, the State cannot have it both ways: "They can't say [they have] a statement where he denies making any repairs, but [the State has evidence of] a truck where no repairs [have] been made, therefore that must be his truck."
 

 The evidence of the submerged truck does not have a tendency to make any fact of the charged insurance fraud of failing to disclose major repairs more or less probable. N.C. Gen. Stat. § 8C-1, Rule 401. The trial court erred in admitting that evidence.
 

 C. Prejudice
 

 Because of Defendant's failure to preserve error at trial, his burden to prove the error was prejudicial is heavier.
 
 Lawrence
 
 ,
 
 365 N.C. at 516
 
 ,
 
 723 S.E.2d at 333
 
 . This requires an examination of the entire record to determine whether "the error had a probable impact on the jury finding Defendant guilty."
 
 Id.
 
 at 518,
 
 723 S.E.2d at 334
 
 .
 

 Defendant has failed to meet or carry his burden on appeal. Sufficient evidence exists in the record to support a jury's finding of guilty for insurance fraud for Defendant's failure to disclose major repairs on the Ram. The Ram was involved in an accident, where the responding officer estimated the damages to the Ram to be $9,000, and opined the truck did not appear "roadworthy." Further, Brawner's testimony supports a finding that the repairs he performed on the Ram were "major." He testified to
 
 *109
 
 replacing at least the hood and one fender, and possibly other damaged areas. Brawner's testimony that the repairs were "cosmetic," and that he was
 
 *893
 
 only to be paid $500 for his labor, are not determinative of whether the repairs he performed were "major," and were issues for the jury to determine together with the properly admitted evidence.
 

 After review of the entire record, we hold sufficient evidence supports the jury's conviction of Defendant for the charged offense. Defendant has failed to demonstrate the limited testimony of the submerged truck had a probable impact on the jury's verdict.
 
 State v. Perkins
 
 ,
 
 154 N.C. App. 148
 
 , 153,
 
 571 S.E.2d 645
 
 , 648-49 (2002). Defendant has failed to show the trial court committed plain error in admitting the evidence of the submerged truck to award a new trial.
 
 See
 
 id.
 

 V. Jury Instructions
 

 Defendant argues the trial court erred by providing jury instructions that allowed the jury to convict him on a theory not alleged in the indictment. We find no error concerning the given instructions.
 

 A. Standard of Review
 

 Because Defendant failed to object at trial and preserve error, we review this issue for plain error.
 
 Lawrence
 
 ,
 
 365 N.C. at 518
 
 ,
 
 723 S.E.2d at 334
 
 . "In order to rise to the level of plain error, the error in the trial court's instructions must be so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected."
 
 State v. Holden
 
 ,
 
 346 N.C. 404
 
 , 435,
 
 488 S.E.2d 514
 
 , 531 (1997),
 
 cert. denied
 
 ,
 
 522 U.S. 1126
 
 ,
 
 118 S.Ct. 1074
 
 ,
 
 140 L.Ed.2d 132
 
 (1998).
 

 B. False Pretenses
 

 The trial court, using the pattern jury instructions, instructed the jury that in order to find Defendant guilty of obtaining property by false pretenses the State must have proved:
 

 First, that the defendant made a representation to another; second, that this representation was false; third, that this representation was calculated and intended to deceive. Fourth, that the victim was in fact deceived by this representation; and fifth, that the defendant thereby obtained or attempted to obtain property from the victim.
 

 Defendant argues the lack of specificity in the instructions would allow the jury to convict him if they found any false representation. We disagree.
 

 *110
 
 "A jury instruction that is not specific to the misrepresentation in the indictment is acceptable so long as the court finds no fatal variance between the indictment, the proof presented at trial, and the instructions to the jury."
 
 State v. Ledwell
 
 ,
 
 171 N.C. App. 314
 
 , 320,
 
 614 S.E.2d 562
 
 , 566 (2005) (citation and internal quotation marks omitted).
 

 Defendant's indictment alleged he had obtained property by false pretenses by failing to disclose on his application for insurance that he had previously pled guilty to a felony offense. At trial, Defendant stipulated that he pled guilty to a felony offense on 1 April 2006. Just prior to providing the pattern jury instruction above, the trial court reminded the jury of the stipulated fact of Defendant's previous guilty plea, instructing the jury "to take these facts as true for the purposes of this case."
 

 Further, after a summation of the evidence concerning the submerged truck, the trial court provided the limiting instruction:
 

 You may not consider this evidence in your deliberations under the false pretenses charge. You may consider this evidence in your deliberations on the insurance fraud charge. This evidence is received
 
 solely for the purpose of showing that the defendant had the intent, which is a necessary element of the crime of insurance fraud
 
 as charged in the indictment. If you believe this evidence, you may consider it, but only for the limited purpose for which it was received.
 
 You may not consider it for any other purpose.
 
 (Emphasis supplied).
 

 Our appellate courts have "repeatedly held that jurors are presumed to pay close attention
 
 *894
 
 to the particular language of the judge's instructions in a criminal case and that they undertake to understand, comprehend, and follow the instructions as given."
 
 State v. Trull
 
 ,
 
 349 N.C. 428
 
 , 455,
 
 509 S.E.2d 178
 
 , 196 (1998).
 

 Defendant has failed to show a fatal variance between the indictment, the proof presented at trial, and the jury instructions. We find no error in the trial court's instructions on the charge of obtaining property by false pretenses. Defendant's argument is overruled.
 

 C. Insurance Fraud
 

 The provided instruction for insurance fraud required the State to prove:
 

 First, that an insurance policy existed between Peter Dane Koke and National General Insurance Company;
 

 *111
 
 second, that the defendant presented a written statement in support of a claim for payment pursuant to that insurance policy; third, that the statement contained false or misleading information concerning a fact or matter material to the Claim. Fourth, that the defendant knew the statement contained false or misleading information concerning a fact or matter material to the claim; and fifth, that the defendant acted with the intent to defraud National General Insurance Company.
 

 This Court has found plain error "[w]here there is evidence of various misrepresentations which the jury could have considered in reaching a verdict" and the trial court fails to instruct on the specific misrepresentation.
 
 State v. Locklear
 
 , --- N.C. App. ----, ----,
 
 816 S.E.2d 197
 
 , 206 (2018). Here, the only evidence of a written statement that contained false or misleading information was Defendant's theft affidavit where he failed to disclose major repairs to the Ram.
 

 Analogous to the analysis above, no fatal variance exists between the indictment, the evidence presented at trial, and the jury instructions.
 
 Ledwell
 
 , 171 N.C. App. at 320,
 
 614 S.E.2d at 566
 
 . We find no error in the trial court's instructions on the charge of insurance fraud. Defendant's argument is overruled.
 

 VI. Conclusion
 

 The trial court correctly limited the admissions of the evidence of the submerged truck on the obtaining property by false pretenses charge and correctly instructed the jury not to consider it for that purpose. The evidence of the submerged truck was irrelevant to Defendant's alleged misleading statement as charged. Admission of such irrelevant, but limited, evidence was error. After review of the entire record for plain error, we conclude Defendant has failed to show prejudice or that this error had a probable impact on the jury's verdict to rise to the level of plain error in light of properly admitted evidence.
 
 Perkins
 
 ,
 
 154 N.C. App. at 153
 
 ,
 
 571 S.E.2d at 648-49
 
 .
 

 We find no error in the trial court's instructions to the jury. Defendant's arguments are overruled.
 
 It is so ordered.
 

 NO PLAIN ERROR.
 

 Judges ZACHARY and COLLINS concur.